FILED
US DISTRICT COURT
DISTRICT OF ALASKA

2005 DEC -8 AM II: 05

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ALASKA

GARY J. CROCHET,        )
                        )
            Plaintiff,  )
                        )
                        )
    v.                  )
                        )
CROWLEY MARINE          )
SERVICES, INC.          )        **A 0 5 - 2 8 8 : CV**
                        )
            Defendant.  )    Case No. _____ CI (   )
_____)

### COMPLAINT FOR MARITIME PERSONAL INJURIES

COMES NOW the Plaintiff, GARY J. CROCHET (hereinafter Plaintiff), by and through his attorneys, Michael J. Patterson and Heather L. Gardner, and complains and alleges as follows:

1.  This is a complaint for personal injuries that occurred on October 27, 2004, while the Plaintiff was working as a seaman aboard the Defendant vessel *Barge 450-1*.

2.  Plaintiff was employed by Defendant CROWLEY MARINE SERVICES INC. (hereinafter Crowley), the operator of the vessel.

3.  At all times relevant, Plaintiff was a Jones Act Seaman within the meaning of 46 U.S.C. § 688.

4.  On information and belief, Defendant CROWLEY MARINE SERVICES INC. is the owner of *Barge 450-1,* a vessel to which Plaintiff was attached as an employee seaman.

LAW OFFICE OF **MICHAEL J. PATTERSON**
810 W. 2ND AVENUE
ANCHORAGE, ALASKA 99501
SBN: 7806051   PHONE: 907-276-7966   FAX: 907-276-0479

LAW OFFICE OF MICHAEL J. PATTERSON
810 W. 2ND AVENUE
ANCHORAGE, ALASKA 99501
SBN: 7806051   PHONE: 907-276-7966   FAX: 907-276-0479

12.   Plaintiff incorporates Paragraphs 1-11 as though fully set forth herein.

13.   Defendant *Barge 450-1* is a vessel that is regularly in navigation in Alaska waters.

14.   On October 27, 2004, Plaintiff was working aboard *Barge 450-1* in Alaska waters when he slipped and fell on a broken board on deck that was inappropriately located, unmarked, and not surfaced with non-skid materials.

15.   Plaintiff injured his neck in the fall, and suffered disabling injury to his cervical spine.

16.   Plaintiff suffered, and continues to suffer, continuing pain, limitations on mobility, and inability to work or perform his normal activities of daily living.

17.   Plaintiff's injury prevents him from returning to employment.  He is receiving Social Security Disability payments and is totally disabled.

### FIRST CAUSE OF ACTION
### Jones Act Negligence
Against Crowley Marine Services Inc.

18.   Plaintiff incorporates paragraphs 1 through 17 as if fully set forth herein.

19.   Plaintiff was a seaman attached to and engaged in the service of the vessel            *Barge 450-1*, a vessel in

*Crochet v. Crowley Marine Services Inc.*
Case No.

navigation, at the time of his injury.

20.  Defendant Crowley had a duty to provide safe working
     conditions for its employees, including the Plaintiff.  By
     permitting dangerously slick deck surfaces to exist in a
     commonly trafficked area of the workplace, Defendant Crowley
     failed, through its officers, agents or employees, to
     provide reasonably safe walkways in the work area and to
     protect Plaintiff against foreseeable dangerous conditions
     on the vessel.

21.  As a direct and proximate result of Defendant Crowley's
     negligent breach of its duty to its seaman employee,
     Plaintiff suffered injuries to his person, prolonged agony,
     and disability including but not limited to the following:

     A.   Pain and suffering of the injury, surgery,
          recovery, and rehabilitation;

     B.   Psychological and emotional pain, fear and anguish
          resulting from the injury, extended physical pain
          and disability;

     C.   Inability to perform his usual activities of daily
          living or enjoy his normal recreational pursuits;

     D.   Inability to return to his occupation;

     E.   Extensive financial losses.

LAW OFFICE OF MICHAEL J. PATTERSON
810 W. 2ND AVENUE
ANCHORAGE, ALASKA 99501
SBN: 7806051   PHONE: 907-276-7966   FAX: 907-276-0479

*Crochet v. Crowley Marine Services Inc.*
Case No.

Complaint for Maritime Personal Injuries
Page 4 of 7

LAW OFFICE OF MICHAEL J. PATTERSON
810 W. 2ND AVENUE
ANCHORAGE, ALASKA 99501
SBN: 7806051  PHONE: 907-276-7966  FAX: 907-276-0479

### SECOND CAUSE OF ACTION
#### Unseaworthiness of the Vessel
Against Defendants Crowley Marine Services Inc. and *Barge 450-1*

22.  Plaintiff incorporates Paragraphs 1-21 as though fully set forth herein.

23.  Defendant Crowley, as registered owner of the Barge 450-1, had a duty to Plaintiff to maintain its vessel in a seaworthy condition.

24.  Defendant Crowley failed to provide safe and lawful conditions aboard the vessel to permit seaman such as Plaintiff to conduct the ordinary duties of a seaman, thereby creating an unseaworthy condition and/or allowing the unseaworthy condition to exist.

25.  The unseaworthy condition that existed aboard *Barge 450-1* on October 27, 2004 was a proximate cause of the Plaintiff's injuries on that date.

26.  As a result of the unseaworthy condition, Plaintiff suffered, and will continue to suffer, serious injury, harm, and economic loss, all alleged in this complaint.

### THIRD CAUSE OF ACTION
#### Failure to Pay Voyage Continuance Wages
Against Defendant Crowley

27.  Plaintiff incorporates Paragraphs 1-26 as though fully set

*Crochet v. Crowley Marine Services Inc.*
Case No.

Complaint for Maritime Personal Injuries
Page 5 of 7

LAW OFFICE OF MICHAEL J. PATTERSON
810 W. 2ND AVENUE
ANCHORAGE, ALASKA 99501
SBN: 7806051   PHONE: 907-276-7966   FAX: 907-276-0479

4.    On information and belief, Defendant CROWLEY MARINE SERVICES INC. is the owner of *Barge 450-1,* a vessel to which Plaintiff was attached as an employee seaman.

5.    Plaintiff's claim for personal injury arises from injuries he sustained due to the negligence of his employer and the unseaworthy condition of the vessel at the time of his injury.

6.    This court has jurisdiction in admiralty over Plaintiff's claims pursuant to 28 U.S.C. § 1333 and Rule 9(h) of the Federal Rules of Civil Procedure.

7.    This court may also exercise in rem jurisdiction over *Barge 450-1.* Plaintiff reserves the right to amend this complaint to include an in rem action against *Barge 450-1.*

8.    At all times relevant, Plaintiff was a resident of the State of Alaska.

9.    At all times relevant, Defendant Crowley is a foreign corporation doing business in the State of Alaska.

10.   At all times relevant,  *Barge 450-1* was and is a vessel operating in the territorial waters of the State of Alaska.

*Crochet v. Crowley Marine Services Inc.*

Complaint for Maritime Personal Injuries
Case No.

    Page 2 of 1

9.    Crowley's refusal to pay voyage continuance wages was wanton, outrageous and retaliatory conduct that Crowley refused to remedy even when Crowley finally agreed to pay Plaintiff's maintenance and cure, four months after his injury.

10.   As a result of Crowley's refusal to pay voyage continuance wages to which Plaintiff was entitled under the general maritime law, Plaintiff suffered economic losses and mental and emotional stress, all in an amount to be proven at trial.

**WHEREFORE**, Plaintiff prays this court to enter judgment in favor of Plaintiff and against Defendant, as follows:

1.    For special damages, including loss of past and future income and earning capacity, in an amount to be proven at trial, greater than $100,000.00;

2.    For general damages in an amount to be proven at trial;

3.    For found, in an amount to be proven at trial;

4.    For attorneys' fees, in an amount to be proven at trial;

LAW OFFICE OF MICHAEL J. PATTERSON
810 W. 2ND AVENUE
ANCHORAGE, ALASKA 99501
SBN: 7806051  PHONE: 907-276-7966  FAX: 907-276-0479

5.    For an award of costs and interest, including

      prejudgment interest to the extent available under law;

      and,

6.    For any and other such relief as this Court deems just

      and equitable.


      Plaintiff reserves the right to amend this complaint to

include additional Defendants and/or causes of action as

necessary, including claims for unpaid wages, maintenance and

cure, and other claims cognizable in law or admiralty.

      DATED at Anchorage, Alaska this _____ day of December,

2005.

                              LAW OFFICE OF MICHAEL J. PATTERSON
                              Attorneys for Plaintiff

                              _____
                              Heather L. Gardner, Esq. #0111079
                              Michael J. Patterson, Esq. #7806051

LAW OFFICE OF MICHAEL J. PATTERSON
810 W. 2ND AVENUE
ANCHORAGE, ALASKA 99501
SBN: 7806051   PHONE: 907-276-7966   FAX: 907-276-0479