

RECEIVED

JAN 0 5 2006

CLERK U.S. DISTRICT COURT
ANCHORAGE ALASKA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| GARY J. CROCHET, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| CROWLEY MARINE | ) |
| SERVICES, INC. | ) |
| | ) |
| Defendant. | ) Case No. A05- 288 CV (RRB) |
| | ) |

**FIRST AMENDED COMPLAINT (BEFORE ANSWER)
FOR MARITIME PERSONAL INJURIES**

COMES NOW the Plaintiff, GARY J. CROCHET (hereinafter Plaintiff), by and through his attorneys, Michael J. Patterson and Heather L. Gardner, and complains and alleges as follows:

1. This is a complaint for personal injuries that occurred on October 27, 2004, while the Plaintiff was working as a seaman aboard the Defendant vessel *Barge 450-1*.

2. Plaintiff was employed by Defendant CROWLEY MARINE SERVICES INC. (hereinafter Crowley), the operator of the vessel.

3. At all times relevant, Plaintiff was a Jones Act Seaman within the meaning of 46

LAW OFFICE OF MICHAEL J. PATTERSON
810 W. 2ND AVENUE
ANCHORAGE, ALASKA 99501
PHONE: 907-276-7966  FAX: 907-276-0479
SBN: 7806051

U.S.C. § 688.

4. On information and belief, Defendant CROWLEY MARINE SERVICES INC. is the owner of *Barge 450-1*, a vessel to which Plaintiff was attached as an employee seaman.

5. Plaintiff's claim for personal injury arises from injuries he sustained due to the negligence of his employer and the unseaworthy condition of the vessel at the time of his injury.

6. This court has jurisdiction in admiralty over Plaintiff's claims pursuant to 28 U.S.C. § 1333 and Rule 9(h) of the Federal Rules of Civil Procedure.

7. This court may also exercise in rem jurisdiction over *Barge 450-1*. Plaintiff reserves the right to amend this complaint to assert an in rem action against *Barge 450-1*.

8. At all times relevant, Plaintiff was a resident of the State of Alaska.

9. At all times relevant, Defendant Crowley is a Washington corporation doing business in the State of Alaska.

10. At all times relevant, *Barge 450-1* was and is a vessel operating in the territorial waters of the State of Alaska.

11. The injury complained of occurred in the territorial waters of the State of Alaska.

LAW OFFICE OF MICHAEL J. PATTERSON
810 W. 2ND AVENUE
ANCHORAGE, ALASKA 99501
SBN: 7806051   PHONE: 907-276-7966   FAX: 907-276-0479

Venue is appropriate in the District of Alaska because Defendant's vessel is located within the territorial waters of and Defendant was, and is, doing business within the State of Alaska.

**ALLEGATIONS COMMON TO ALL CAUSES OF ACTION**

12. Plaintiff incorporates Paragraphs 1-11 as though fully set forth herein.

13. Defendant *Barge 450-1* is a vessel that is regularly in navigation in Alaska waters.

14. On October 27, 2004, Plaintiff was working aboard *Barge 450-1* in Alaska waters when he slipped and fell on a broken board on deck that was inappropriately painted, marked, and not surfaced with non-skid materials as required by federal safety regulation and Defendant's internal operating rules.

15. Plaintiff injured his neck in the fall, and suffered disabling injury to his cervical spine.

16. On November 11, 2004, Defendant wrongfully discharged Plaintiff, alleging that he had stolen ship's stores, an allegation that was never reported to police and was found by the Alaska Department of Labor Unemployment Appeals Tribunal to be unproven and without evidentiary support on January 21, 2005.

17. Plaintiff suffered, and continues to suffer, continuing pain, severe mobility restrictions, and inability to work or perform his normal activities of daily living.

18. Plaintiff's injury prevents him from returning to employment. He is receiving Social Security Disability payments and is totally disabled.

### FIRST CAUSE OF ACTION
### Jones Act Negligence
Against Crowley Marine Services Inc.

19. Plaintiff incorporates paragraphs 1 through 18 as if fully set forth herein.

20. Plaintiff was a seaman attached to and engaged in the service of the vessel *Barge 450-1*, a vessel in navigation, at the time of his injury.

21. Defendant Crowley had a duty to provide safe working conditions for its employees, including the Plaintiff. By permitting dangerously slick deck surfaces to exist in a commonly trafficked area of the workplace, Defendant Crowley failed, through its officers, agents or employees, to provide reasonably safe walkways in the work area and to protect Plaintiff against foreseeable dangerous conditions on the vessel.

22. As a direct and proximate result of Defendant Crowley's negligent breach of its duty to its seaman employee, Plaintiff suffered injuries to his person, prolonged agony, and disability including but not limited to the following:

    A. Pain and suffering of the injury, surgery, recovery, and rehabilitation;

    B. Psychological and emotional pain, fear and anguish resulting from

LAW OFFICE OF MICHAEL J. PATTERSON
810 W. 2ND AVENUE
ANCHORAGE, ALASKA 99501   PHONE: 907-276-7966   FAX: 907-276-0479
SBN: 7806051

the injury, depression, and continued physical pain and disability;

C. Inability to perform his usual activities of daily living or enjoy his normal recreational pursuits;

D. Inability to return to his occupation;

E. Extensive financial losses.

**SECOND CAUSE OF ACTION**
**Unseaworthiness of the Vessel**
Against Defendants Crowley Marine Services Inc. and *Barge 450-1*

23. Plaintiff incorporates Paragraphs 1-22 as though fully set forth herein.

24. Defendant Crowley, as registered owner of the Barge 450-1, had a duty to Plaintiff to maintain its vessel in a seaworthy condition.

25. Defendant Crowley failed to provide safe and lawful conditions aboard the vessel to permit seaman such as Plaintiff to conduct the ordinary duties of a seaman, thereby creating an unseaworthy condition and/or allowing the unseaworthy condition to exist.

26. The unseaworthy condition that existed aboard *Barge 450-1* on October 27, 2004 was a proximate cause of the Plaintiff's injuries on that date.

27. As a result of the unseaworthy condition, Plaintiff suffered, and will continue to suffer, serious injury, harm, and economic loss, all alleged in this complaint.

LAW OFFICE OF MICHAEL J. PATTERSON
810 W. 2ND AVENUE
ANCHORAGE, ALASKA 99501
PHONE: 907-276-7966   FAX: 907-276-0479
SBN: 7806051

### THIRD CAUSE OF ACTION
### Failure to Pay Voyage Continuance Wages
Against Defendant Crowley

28. Plaintiff incorporates Paragraphs 1-27 as though fully set forth herein.

29. Crowley wrongfully and without justification failed to pay Plaintiff voyage continuation wages he was entitled to when he was wrongfully discharged on November 11, 2005 to the date of settlement or judgment, and for all holidays, bonuses, and additional benefits he would have been entitled to had he not been wrongfully discharged.

30. Crowley's refusal to pay voyage continuance wages was wanton, outrageous and retaliatory conduct that Crowley refused to remedy even when Crowley finally agreed to pay Plaintiff's maintenance and cure, several months after his injury.

31. As a result of Crowley's wrongful discharge and subsequent refusal to pay voyage continuance wages to which Plaintiff was entitled under the general maritime law, Plaintiff suffered economic losses and mental and emotional stress, all in an amount to be proven at trial.

**WHEREFORE**, Plaintiff prays this court to enter judgment in favor of Plaintiff and against Defendant, as follows:

1. For special damages, including loss of past and future income and earning

LAW OFFICE OF MICHAEL J. PATTERSON
810 W. 2ND AVENUE
ANCHORAGE, ALASKA 99501
SBN: 7806051   PHONE: 907-276-7966   FAX: 907-276-0479

capacity, in an amount to be proven at trial;

2. For general damages in an amount to be proven at trial;

3. For found, in an amount to be proven at trial;

4. For attorneys' fees, in an amount to be proven at trial;

5. For an award of costs and interest, including prejudgment interest to the extent available under law; and,

6. For any and other such relief, including punitive damages for Defendant's wrongful discharge of Plaintiff and failure to pay wages to which he was entitled under the general maritime law, as this Court deems just and equitable.

Plaintiff reserves the right to amend this complaint to include additional Defendants and/or causes of action as necessary, including additional claims for wrongful discharge, unpaid wages, maintenance and cure, intentional and/or negligent infliction of emotional distress, and other claims cognizable in law or admiralty.

DATED at Anchorage, Alaska this 4th day of January, 2006.

LAW OFFICE OF MICHAEL J. PATTERSON
Attorneys for Plaintiff

Heather L. Gardner, Esq. #0111079
Michael J. Patterson, Esq. #7806051