DOUGLAS R. DAVIS
KEESAL, YOUNG & LOGAN
1029 West Third Avenue, Suite 650
Anchorage, Alaska 99501-1954
Telephone: (907) 279-9696
Facsimile: (907) 279-4239

Attorneys for Crowley Marine Services, Inc.

UNITED STATES DISTRICT COURT

DISTRICT OF ALASKA

| | |
|---|---|
| Gary Crochet,<br><br>                Plaintiff,<br><br>vs.<br><br>Crowley Marine Services, Inc.,<br><br>                Defendant. | Case No. 3:05-cv-00288-TMB<br><br>**SCHEDULING AND PLANNING<br>CONFERENCE REPORT** |

1. **Meeting.** In accordance with Fed.R.Civ.P. 26(f), a meeting was held on February 22, 2006 and was attended by:

    Heather Gardner, attorney for plaintiff, Gary Crochet

    Douglas Davis, attorney for defendant, Crowley Marine Services, Inc.

The parties recommend the following:

2. **Pre-Discovery Disclosures.** The information required by Fed.R.Civ.P. 26(a)(1):

    ☐    has been exchanged by the parties

    **X**    will be exchanged by the parties by March 31, 2006

    Proposed changes to disclosure requirements:

Preliminary Witness Lists

☐   have been exchanged by the parties

**X**   will be exchanged by the parties by March 31, 2006

**3.   Contested Issues of Fact and Law.** Preliminarily, the parties expect the following issues of fact and/or law be presented to the court at trial in this matter:

PLAINTIFF:

1. Defendant's negligence was direct and proximately the cause of plaintiff's injury on 10/27/04 onboard the Barge 450-1.

2. Defendant failed to provide safe and seaworthy conditions aboard Barge 450-1. The unseaworthy condition was the direct and proximate cause of plaintiff's injury on 10/27/04.

3. Defendant is strictly liable to plaintiff for the injuries resulting from the unseaworthy condition(s) that existed aboard Barge 450-1 on 10/27/04.

4. Plaintiff suffered severe and permanent damage as a result of the 10/27/04 injury aboard Barge 450-1.

5. Defendant has failed to pay voyage continuation wages to which plaintiff continues to be entitled.

6. Defendant's refusal to pay continuance wages is wanton, outrageous, and retaliatory conduct.

7. Other issues may arise and be presented following completion of discovery. Plaintiff reserves the right to raise other issues.

DEFENDANT:

1.   Was plaintiff injured as he alleges in his complaint?

2.   Was defendant negligent as alleged by plaintiff in his complaint?

3.   Was the negligence of defendant, if any, the proximate cause of

plaintiff's alleged injury?

4. Was the vessel unseaworthy as alleged in plaintiff's complaint?

5. Was any unseaworthy condition the proximate cause of plaintiff's injury, if any?

6. What are plaintiff's damages, if any, caused by alleged negligence or unseaworthiness as alleged in plaintiff's complaint?

7. Were plaintiff's injuries caused or contributed to by his own fault, intentional actions or negligence?

8. Were plaintiff's alleged injuries caused by or contributed to by actions or negligence of others over whom defendant had no duty or control?

9. Has plaintiff failed to mitigate his damages, if any?

10. Were plaintiff's injuries, if any, the result of a superceding cause for which defendant is not liable?

11. Was plaintiff's discharge by defendant wrongful?

12. Were defendant's actions in terminating plaintiff taken in good faith, with honesty of purpose, and not maliciously, and were defendant's actions job related and consistent with business necessity?

13. Whether plaintiff is barred from asserting claims or causes of action by virtue of the doctrines of unclean hands and *in pari delicto*.

14. Whether plaintiff's claims relating to his discharge are preempted by federal labor law, and specifically §301 of the Labor Management and Relations Act (29 USC §185(a)).

15. Are plaintiff's claims relating to his discharge barred by operation of the six month statute of limitation applicable to such claims?

4. **Discovery Plan**. The parties jointly propose to the court the following discovery plan.

    A.    Discovery will be needed on the following issues:

Discovery will be needed on both liability and damages.

    B.    All discovery commenced in time to be completed by November 30, 2006 ("discovery close date").

    C.    Limitations on Discovery

        1.    Interrogatories.

            X    No change from Fed.R.Civ.P. 33(a)

            ☐    Maximum of _____ by each part to any other party.

        Responses due in _____ days.

        2.    Requests for Admission.

            X    No change from Fed.R.Civ.P 36(a).

            ☐    Maximum of _____ requests.

        Responses due in _____ days.

        3.    Depositions.

            X    No change from Fed.R.Civ.P. 36(a), (d).

            ☐    Maximum of _____ depositions by each party.

        Depositions not to exceed one day of 7 hours unless agreed to by all parties.

    D.    Reports from retained experts.

        X    Not later than 90 days before the close of discovery subject to Fed.R.Civ.P. 26(a)(2)(C).

        ☐    Reports due:

|   |   |   |
|---|---|---|
|   | From plaintiff _____ |   |
|   | From defendant _____ |   |

E. Supplementation of disclosures and discovery responses are to be made:

- ☐ Periodically at 60-day intervals from the entry of scheduling and planning order
- **X** As new information is acquired, but not later than 60 days before the close of discovery.

F. A final witness list, disclosing all lay and expert witnesses whom a party may wish to call at trial, will be due:

- ☐ 45 days prior to the close of discovery
- **X** Not later than September 29, 2006

5. **Pretrial Motions.**

- **X** No change from D.Ak. LR 16.1(c).

The following changes to D.Ak. LR 16.1(c) [Check and complete all that apply]

- ☐ Motions to amend pleadings or add parties to be filed not later than _____.
- ☐ Motions under the discovery rules must be filed not later than _____.
- ☐ Motions in limine and dispositive motions must be filed not later than _____.

6. **Other Provisions.**

A. **X** The parties do not request a conference with the court before entry of the scheduling order.

☐ The parties request a scheduling conference with the

court on the following issue(s):

  B. Alternative Dispute Resolution [D.Ak. LR 16.2]

    **X** This matter is not considered a candidate for court-annexed alternative dispute resolution.

    ☐ The parties will file a request for court-annexed alternative dispute resolution not later than _____.

    ☐ Mediation  ☐ Early Neutral Evaluation

  C. The parties ☐ do **X** do not consent to trial before a magistrate judge.

  D. Compliance with the Disclosure Requirements of Fed. R. Civ. P. 7.1

    **X** All parties will comply within seven days

    ☐ Compliance is not required by any party

7. **Trial.**

  A. The matter will be ready for trial:

    **X** 45 days after the discovery close date.

    ☐ not later than _____.

  B. The matter is expected to take 8 days to try.

  C. Jury Demanded: ☐ Yes **X** No

- 6 -

1  DATED at Anchorage, Alaska this 23rd day of February, 2006.
2
3                                KEESAL, YOUNG & LOGAN
                                 Attorneys for Crowley Marine Services,
4                                Inc.
5
6  By: _____
       DOUGLAS R. DAVIS
7      ALASKA BAR NO. 7605022

8  LAW OFFICE OF MICHAEL
   PATTERSON
9  Attorneys for Gary Crochet
10
11
   By: _____
12     HEATHER GARDNER
       ALASKA BAR NO. 0406479
13
14 AA128582
15
16
17
18
19
20
21
22
23
24
25
26

- 7 -