DOUGLAS R. DAVIS
KEESAL, YOUNG & LOGAN
1029 West Third Avenue, Suite 650
Anchorage, Alaska 99501-1954
Telephone: (907) 279-9696
Facsimile:   (907) 279-4239

Attorneys for Crowley Marine Services, Inc.

# UNITED STATES DISTRICT COURT

# DISTRICT OF ALASKA

| | |
|---|---|
| GARY J. CROCHET,<br><br>                              Plaintiff,<br><br>         vs.<br><br>CROWLEY MARINE SERVICES,<br>INC.,<br><br>                              Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Case No. 3:05-CV-288-RRB

**MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT RE WRONGFUL TERMINATION CLAIM**

## I.    INTRODUCTION

Defendant Crowley Marine Services ("Crowley") moves for partial summary judgment dismissing plaintiff's third cause of action.  Plaintiff's action for "continuation wages" is a futile attempt to relitigate a claim that was already determined by a union grievance process called for by a collective bargaining agreement.  Any allegation that Crowley, plaintiff's employer, wrongfully terminated him is truly a claim arising under § 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. §185 ("§301"), and is time-barred by the six month statute of limitations applicable to such claims.

## II.    FACTS

The facts relevant to this motion cannot be disputed.

## A.    PLAINTIFF'S WORK, AND APPLICABLE COLLECTIVE BARGAINING AGREEMENT.

Crowley Marine Services provides tug assist and escort services to vessels calling at the Alyeska Pipeline Terminal, and oil pollution cleanup capability with vessels and special response barges which are called out in the event of an oil spill event.[1]  At the time of the events alleged in plaintiff's complaint, plaintiff was a seaman employed by Crowley as the Mate on board the cleanup barge 450-1.  As such, he was the senior crewman on board the barge.  Mr. Crochet's duties included overall responsibility for safety of the vessel and the three other crewmen working on board the barge.  His duties included making certain that all equipment and machinery on board the barge were maintained in a ready state to respond to an oil spill incident.  Plaintiff also exercised supervisory responsibility for the three other barge crew who served beneath him.[2]

The response barge 450-1 was typically anchored out in Prince William Sound so as to be pre-positioned in the event of an oil spill incident.  The four man crew on board the 450-1 would typically serve on board the barge for a period of thirty to sixty days, when the crew would rotate off and a replacement crew would come on board.

Crowley has a collective bargaining agreement ("CBA") with the International Organization of Masters, Mates & Pilots, Pacific Maritime Region ("Union"), to which plaintiff belongs.[3]  This CBA governs the conditions of plaintiff's employment at Crowley.

---

[1] Declaration of Lee Egland ("Egland Dec.") ¶1, filed concurrently.
[2] Egland Dec. ¶3.
[3] Egland Dec. ¶2; Ex. A:  copy of collective bargaining agreement ("CBA").

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

Rule 5 of the CBA provides:

**RULE 5 - DISCIPLINE**
5.01   It is recognized that the Employer has the right to discharge,
suspend, demote, or reprimand an unsatisfactory employee; provided,
however, that the Union shall have the right to appeal any such action in
accordance with the provisions of Rule 18, Settlement of Disputes.[4]

Rule 18 of the CBA provides that: "it shall be the firm intention of the [union and employer] to settle any dispute or grievance on a local level."[5] If the grievance cannot be settled "on a local basis," the CBA requires an informal hearing with a panel comprised of representatives of both the employer and the union, followed by an arbitration if the panel cannot reach a majority decision.[6] The CBA further provides that the arbitrator's decision is "final and binding" on all parties.[7]

**B.    PLAINTIFF'S TERMINATION AND UNION GRIEVANCE.**

In November 2001, plaintiff was working as the Mate assigned to Barge 450-1 located near Naked Island in Prince William Sound, Alaska.[8] On November 11, 2004, Crowley suspended plaintiff for stealing food stores from the barge which were valued at over $500.  Plaintiff filed a grievance with his union. Representatives of Crowley and the union conducted an investigation, and after an informal hearing before panel comprised of representatives of both the employer and the union.[9]  The employer/union panel determined that plaintiff's termination was justified.

---

[4] Egland Dec., Ex. A:  CBA at 3 (Rule 5).
[5] Egland Dec., Ex. A:  CBA at 11 (Rule 18.01).
[6] Egland Dec., Ex. A:  CBA at 11 (Rules 18.04-.05).
[7] Egland Dec., Ex. A:  CBA at 12 (Rule 18.05).
[8] Egland Dec. ¶4.
[9] Egland Dec., Ex. A:  CBA at 11(Rule 18.04).

A final decision letter from the union informing plaintiff of the panel's decision was sent to plaintiff by Captain Steven Demeroutis, Vice President, United Inland Group – Pacific Maritime Region of the Masters Mates & Pilots Union.[10]  Captain Demeroutis was in charge of the union's investigation into the matter and represented the union during the grievance procedure.  Captain Demeroutis' letter states in relevant part as follows:

> In investigating this grievance, I have interviewed or reviewed statements from the witnesses that you named as supporting your case.  In addition, I have reviewed all documents that you have provided as well as any others that I deemed relevant to this matter.  After a careful review of all the evidence, the Union has determined that it cannot proceed to arbitration in this matter because it is unlikely to prevail at hearing in view of all the factors.  You should be aware, that all of the witnesses that you presented did not support your version of events and in fact, contradicted them.  Given this fact, as well as the fact that Mr. Hernandez [plaintiff's subordinate] was caught with stores with no reasonable explanation led us to the conclusion that we could not prevail.[11]

## C.    PLAINTIFF'S CURRENT COMPLAINT.

Plaintiff filed his amended complaint on January 5, 2006.  He alleges admiralty jurisdiction under 28 U.S.C. § 1333.[12]  He also alleges that he was a Jones Act seaman.[13]  His three causes of action are entitled: (1) "Jones Act Negligence,"[14] (2) "Unseaworthiness of the Vessel,"[15]  and (3) "Failure to Pay

---

[10] Egland Dec. ¶6, Exhibit C.
[11] Id.
[12] First Amended Complaint ¶6.  Plaintiff's initial complaint was filed December 8, 2005, but did not allege a claim with respect to Crowley's supposed failure to pay voyage continuance wages.
[13] First Amended Complaint ¶ 3.
[14] First Amended Complaint ¶¶ 19 – 22.
[15] First Amended Complaint ¶¶ 25 - 27.

1  Voyage Continuance Wages," to which plaintiff claims he was entitled to under

2  the "general maritime law." [16]

3      Plaintiff's third "cause of action," is vague and ambiguous. He alleges that

4  it is based on "general maritime law," and that "Crowley wrongfully and without

5  justification failed to pay plaintiff voyage continuation wages he was entitled to

6  when he was wrongfully discharged . . . ."[17] However, as will be discussed below,

7  plaintiff does not have a claim for wrongful discharge under the general maritime

8  law. To the extent such a claim exists, it must be determined in accordance with

   provisions of his collective bargaining agreement with Crowley, and therefore any

9  cause of action for such discharge arises under §301 of the LMRA. Further,

10 plaintiff's claim is barred by the six month statute of limitations applicable by

11 such claims.

12                    III.  **ARGUMENT**

13 **A.  SUMMARY JUDGMENT STANDARD.**

14     Summary judgment dismissal is appropriate where there are no genuine

15 issues of material fact and the moving party is entitled to judgment as a matter of

16 law.[18] Whether claims are preempted under §301 and time-barred under the

17 applicable statute of limitiations are both issues of law that may be decided on

18 summary judgment.[19] Here, the undisputed facts show that plaintiff's "wrongful

19 termination" claim is time-barred, and Crowley is entitled to summary judgment

20 as a matter of law.

21

22

23  ────────────────
    [16] First Amended Complaint ¶¶ 28 - 31.

24  [17] Id.
    [18] FRCP 56(c).

25  [19] See *Harris v. Alumax Mill Products, Inc.*, 897 F.2d 400, 403 (9th Cir. 1990) (finding all claims
    preempted by §301 and granting summary judgment dismissal because plaintiff filed complaint

26  9 months after learning that union would not pursue grievance).

**B.    PLAINTIFF'S "WRONGFUL TERMINATION" CLAIM ARISES UNDER § 301 OF THE LABOR MANAGEMENT RELATIONS ACT.**

Crochet has alleged that "Crowley wrongfully and without justification failed to pay [his] voyage continuation wages he was entitled to when he was wrongfully discharged." Crochet does not cite any statute for this "Failure to Pay Voyage Continuation Wages" claim, merely stating that he was entitled under "general maritime law." Under general maritime law, however, a seaman is an employee-at-will and may be discharged for any or no reason.[20] Thus, to the extent that plaintiff claims he was wrongfully discharged, the Collective Bargaining Agreement between his union and his employer would control, and plaintiff's claims are preempted by application of §301 of the LMRA.[21]

Moreover, any contract or tort claimed "wrongful termination" would be preempted by § 301. Although § 301 is on its face a jurisdictional statute, federal labor law developed under § 301 requires employees to seek redress for grievances through a grievance resolution process when there is an applicable CBA providing for this dispute resolution.[22] The preemptive force of §301 is "so powerful" that it entirely displaces any cause of action for violation of a collective bargaining agreement.[23] This is so because the interest of uniformity which inhere in the concept of preemption require that such disputes be resolved by reference to

---

[20] *Meaige v. Hartley Marine Corp.*, 925 F.2d 700, 702 (4th Cir. 1991).

[21] 29 U.S.C. **§** 185(a) specifically provides:

Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in the chapter, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction over the parties, without respect to the amount in controversy or without regard to the citizenship of the parties.

[22] *See e.g., Carr v. Pacific Maritime Ass'n*, 904 F.2d 1313, 1318-19 (9th Cir. 1990) (dismissing longshoreman applicant's claim because they had failed to utilize union grievance procedures).

[23] *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392, 96 L. Ed. 2d 318, 107 S. Ct. 2425 (1987); *Newberry v. Pacific Racing Assoc.*, 854 F.2d 1142, 1146 (9th Cir. 1988).

federal law, which also means that interpretation of contract phrases were terms also be "subject to uniform federal interpretation."[24]  Even claims alleged as tort claims may be the subject of the preemptive force of §301, "[s]ince nearly any alleged willful breach of contract can be restated as a tort claim for breach of a good-faith obligation under a contract, :"[25]

> Thus, if the courts were to allow claims under a collective bargaining agreement to be brought in state court disguised as tort claims, 'involving vacation or overtime pay, work assignment, unfair discharge – in short the whole range of disputes traditionally resolved through arbitration - . . .' would allow a claimant to sidestep the grievance procedures which are fundamental to resolution of disputes in collective bargaining agreements under federal labor law.[26]

In short, a claim is completely preempted by § 301 when it "necessarily requires the court to interpret an existing provision of a CBA that can reasonably be said to be relevant to the resolution of the dispute."[27]

Here, even though plaintiff failed to mention his union grievance, CBA, or cite § 301 in his complaint, under the well-pleaded complaint rule, the court investigates the true nature of the allegations, and a complaint that is "artfully pleaded" to avoid § 301 may be recharacterized as one arising under § 301.[28] Thus, any claim that that Crowley breached the CBA by terminating plaintiff, would, by definition, be a § 301 claim.[29]  Similarly, any purported general maritime law "wrongful termination" claim based on an alleged breach of the

---

[24] *Allis-Chalmers Corp. v. Lueck,* 471 U.S. 202, 211, 105 S. Ct. 1904, 1911, 85 L. Ed. 2d 206 (1985).

[25] *Allis-Chalmers Corp., supra,* 471 U.S. 202, 219-20.

[26] *Id.*

[27] *Cramer v. Consol. Freightways, Inc.*, 255 F.3d 683, 689 (9th Cir. 2001) (en banc).

[28] *Harper v. San Diego Transit Corp.*, 764 F.2d 663, 666 (9th Cir. 1985).

[29] *See Smith v. Evening News Ass'n,* 371 U.S. 195, 83 S.Ct. 267, 9 L.Ed.2d 246 (1962).

1  CBA clearly would be preempted.[30]

2       An example of federal preemption under §301 of a claim involving theft of

3  an employer's funds by an employee covered under a collective bargaining

4  agreement was treated by the Ninth Circuit in *Newberry v. Pacific Racing*

5  *Association.*[31]  In that case, a race track employee who was suspected of stealing

6  funds claimed for wrongful discharge and emotional distress claiming breach of

7  an implied covenant of good faith and fair dealing.  The Ninth Circuit Court of

8  Appeals held the claim was preempted because it rose out of her discharge and

9  the investigation leading up to it.  Thus, because it required the court to decide

10  whether her discharge was justified under the applicable CBA's terms, §301

11  preempted her claim.[32]

12       Here, plaintiff's case is very similar.  Crowley terminated plaintiff for

13  stealing provisions from Crowley's barge, and the place of plaintiff's employment.

14  Section §5.01 of the CBA provides that Crowley "has the right to discharge,

15  suspend, demote, or reprimand an unsatisfactory employee."[33]  Determining

16  whether plaintiff's actions were those of an "unsatisfactory employee" necessarily

17  requires interpretation of that CBA term, just as resolution of the claim in

18  *Newberry* would have required the court to decide whether the termination was

19  "wrongful" under the applicable CBA.  Here too, determining whether plaintiff

20  Crochet suffered any purported damages because of a "wrongful termination"

21  would require the Court to determine whether the investigation and discharge

22  was justified under the applicable CBA.  Thus, because plaintiff's purported

23

---

24  [30] *United Steelworkers of America, AFL-CIO-CLC v. Rawson,* 495 U.S. 362, 368, 110 S.Ct. 1904, 1909, 109 L.Ed.2d 362 (1990); *Harper,* 764 F.2d at 666.

25  [31] *Newberry,* 854 F.2d at 1146.

  [32] *Id.*

26  [33] Egland Dec., Ex. A: CBA at 3.

1  "wrongful termination" claim requires the Court to interpret a provision of the

2  CBA that is necessary to the dispute, plaintiff's third cause of action is preempted

3  by §301.  Plaintiff's only challenge to his termination would lie in a § 301 action.

4  ### C.  PLAINTIFF'S § 301 CLAIM IS TIME BARRED.

5  Where a CBA provides for grievance resolution procedures, the proper

6  course of action by an employee who claims a breach of the employer's obligations

7  under the agreement is to recover in a §301 action.[34]  However, a prerequisite to

8  such a claim is that plaintiff must file his action within six months from receipt of

9  notification from his union that his grievance claim will be pursued no further.

10 Thus, even if plaintiff had alleged and could prove such a contention, his claim

11 would be time-barred.

12 The applicable statute of limitations for a § 301 action is six months.[35]  The

13 limitations period begins to run when a plaintiff receives a letter from his union

14 notifying him that it will pursue his claim no further.[36]  Here, plaintiff received

15 final notification from his union that his grievance against Crowley would not be

16 pursued on March 15, 2005.[37]  Plaintiff filed the present lawsuit with his first

17 complaint which was filed December 8, 2005, well outside the six month statute of

18 limitations.[38]  His amended complaint which added a claim for failure to pay wage

19 continuance wages was filed with the court on January 5, 2006.[39]  Plaintiff's claim

20

21 [34] *Scott v. Mach. Automotive Trades Dist. Lodge No. 190 of No. Calif.*, 827 F.2d 589, 592-3 (9th
   Cir. 1987).  *See also e.g., Hines v. Anchor Motor Freight, Inc.*, 424 U.S. 554, 567, 96 S.Ct. 1048,47
22 L.Ed.2d 231 (1976) (holding that employees' suit to recover from their former employer and labor
   union for alleged wrongful discharge based on union's violation of duty of fair representation
   because of failure to investigate charges of stealing was § 301 claim).

23 [35] 29 U.S.C. § 160(b); *DelCostello v. International Brotherhood of Teamsters*, 462 U.S. 151, 164-5,
   76 L.Ed.2d 476, 103 S. Ct. 2281 (1983); *Grant v. McDonnell Douglas Corp.*, 163 F.3d 1136, 1138
24 (9th Cir. 1998).

   [36] *Grant*, 163 F.3d at 1138.

25 [37] Egland Dec. ¶6, Ex. C.

   [38] *See* plaintiff's first complaint filed with the court December 8, 2005.

26 [39] First Amended Complaint filed January 5, 2006.

1  is clearly time barred, and the court should grant partial summary judgment in

2  Crowley's favor, and dismiss plaintiff's claim for failure to pay voyage continuance

3  wages.[40]

### IV.  CONCLUSION

5  Plaintiff's Collective Bargaining Agreement governs his employment

6  relationship with Crowley.  Plaintiff has already challenged his "wrongful

7  termination" through the union grievance process.  Any challenge to his

8  termination would necessarily require the Court to determine whether plaintiff's

9  conduct was grounds for termination under the relevant CBA terms, and thus,

10  any such claim arises under § 301 of the LMRA.  There is also no question that

11  plaintiff has failed to bring his current complaint within the applicable 6 month

12  statute of limitations.  Plaintiff's purported "wrongful termination" claim is time-

13  barred, and the Court should grant partial summary judgment and dismiss this

14  claim.

15  DATED at Anchorage, Alaska this 3rd day of April, 2006.

16  KEESAL, YOUNG & LOGAN
   Attorneys for Crowley Marine Services, Inc.

18  s/DOUGLAS R. DAVIS
   1029 W. Third Avenue, Suite 650
19  Anchorage, AK  99501
   (907) 279-9696
20  (907) 279-4239 facsimile
   doug.davis@kyl.com
21  Alaska Bar No. 7605022

---

26  [40] *Grant*, 163 F.3d at 1138; *Alumax Mill Products, Inc.*, 897 F.2d at 404.

1

2   CERTIFICATE OF SERVICE:

3   I HEREBY CERTIFY THAT I CAUSED TO
    BE SERVED A TRUE AND CORRECT COPY
4   OF THE FOREGOING THIS 3RD DAY OF
    APRIL, 2006 TO:

5

6   Via US Mail

7   Michael J. Patterson
    Heather L. Gardner
8   Law Office of Michael J. Patterson
    810 W. 2nd Avenue
9   Anchorage, AK 99501

10  s/ DOUGLAS R. DAVIS

11

12

13

14

15
    SE43461
16

17

18

19

20

21

22

23

24

25

26