1  DOUGLAS R. DAVIS
   KEESAL, YOUNG & LOGAN
2  1029 West Third Avenue, Suite 650
   Anchorage, Alaska 99501-1954
3  Telephone:  (907) 279-9696
   Facsimile:  (907) 279-4239
4
   Attorneys for Crowley Marine Services, Inc.
5

6

7                    UNITED STATES DISTRICT COURT

8                        DISTRICT OF ALASKA

9  GARY J. CROCHET,                      )
                                         )
10                        Plaintiff,     )
                                         )
11            vs.                        )
                                         )
12 CROWLEY MARINE SERVICES,              )   Case No. 3:05-CV-288-RRB
   INC.,                                 )
13                                       )
                          Defendant.     )   **DECLARATION OF LEE EGLAND**
14                                       )
   _____)
15
         Lee Egland, being duly sworn upon oath, deposes and states as
16
   follows:
17
         1.    I am the Director of Labor Relations for Crowley Marine
18
   Services, Inc. (hereinafter "Crowley").  Crowley contracts to provide ship escort
19
   and response vessel services in Valdez, Alaska to Alyeska Pipeline Service
20
   Company and its member companies.  Crowley provides tug escorts for tankers in
21
   Valdez, and also response barges, towing vessels, and personnel to assist with
22
   prevention and cleanup of oil spills in Valdez and the Prince William Sound area.
23
         2.    Crowley has a collective bargaining agreement ("CBA") with the
24
   International Organization of Masters, Mates & Pilots, Pacific Maritime Region
25
   ("Union"), to which plaintiff Gary Crochet belongs.  Attached as Exhibit A hereto
26
   is a true and correct copy of the CBA in effect in November 2004.

3.   Gary Crochet was employed on board the Barge 450-1, a response barge in Prince William Sound, Alaska, and Mr. Crochet's position on board the barge was mate.   His duties included crew management and supervision of the three other crewmen who worked on board the barge, standing watch, and ensuring that the vessel was properly maintained and ready to respond in case of an oil spill in Prince William Sound.

4.   In November 2004, while Mr. Crochet was working on board the Barge 450-1 which was located at Naked Island in Prince William Sound, Crowley received information that he had been stealing food stores from the barge.   On November 11, 2004, Mr. Crochet was notified by Crowley that he was suspended pending further investigation for stealing food from the Barge 450-1.   Following completion of its investigation, Mr. Crochet was notified that Crowley had indeed determined that he had taken food from the barge without authorization, and by letter dated November 22, 2004, attached as Exhibit B, Mr. Crochet was notified by his superior, Mr. Frosty Leonard, that he was terminated and was not eligible for rehire because he had stolen from the company.

5.   Thereafter, Mr. Crochet's Union filed a grievance on his behalf pursuant to the provisions of the CBA with Crowley, alleging he was wrongfully terminated.   A Joint Conference Board was convened in accordance with the dispute resolution procedures of the CBA for the purpose of deciding Mr. Crochet's grievance. The Joint Conference Board consisted of two representatives from the Union, and two from the employer.   The Union's representation at the Joint Conference Board was headed up by the Union's Vice President, Captain Steven Demeroutis.   At the Joint Conference Board hearing, Mr. Crochet was given an opportunity to provide evidence and information in support of his claims, and also names of witnesses that he believed would support his position.

- 2 -

1  Following an additional investigation by Crowley and Mr. Crochet's Union, it was

2  determined that the charges against Mr. Crochet for stealing food stores from the

3  barge had been substantiated, and that Crowley had good cause for suspending

4  and terminating his employment.

5        6.    After the hearing by the Joint Conference Board and the

6  extended investigation, I was informed by the Union that it was withdrawing the

7  grievance against Crowley on the basis that the evidence showed that Crowley's

8  action in terminating Mr. Crochet was justified.  The grievance matter was thus

9  concluded without further action.  Attached is a copy of a letter dated March 15,

10  2005 from Captain Demeroutis to Mr. Crochet informing him of the Union's

11  decision which supported Crowley's decision to terminate Mr. Crochet.

12  DATED this **3rd** day of April, 2006 at _Seattle, WA_.



16  _____

17  Lee Egland

18  SUBSCRIBED AND SWORN TO before me

19  this **3rd** day of April, 2006.

21  _Sarah L Manren_____

22  Notary Public

23  My commission expires: _Nov. 15, 2006_

- 3 -

1

2
**CERTIFICATE OF SERVICE:**

3
I HEREBY CERTIFY THAT I CAUSED TO

4
BE SERVED A TRUE AND CORRECT COPY
OF THE FOREGOING THIS __3rd__ DAY OF

5
APRIL, 2006 TO:

6
Via Mail

7
Michael J. Patterson

8
Heather L. Gardner
Law Office of Michael J. Patterson

9
810 W. 2nd Avenue
Anchorage, AK 99501

10
s/ DOUGLAS R. DAVIS

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

- 4 -