LAW OFFICE OF MICHAEL J. PATTERSON
810 W. 2ND AVENUE
ANCHORAGE, ALASKA 99501
SBN:7806051   PHONE: 907-276-7966   FAX: 907-276-0479

Heather L. Gardner, Esq.
Michael J. Patterson, Esq.
810 W. Second Avenue
Anchorage, Alaska 99501
Phone: (907)276-7966
Fax: (907)276-0479

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

GARY J. CROCHET,                )
                                (
         Plaintiff,             )
                                (
                                )
v.                              (
                                )
CROWLEY MARINE                  (
SERVICES, INC.                  )
                                (
         Defendant.             )  Case No. 3:05-CV-288 (RRB)
                                (

OPPOSITION TO CROWLEY'S MOTION FOR PARTIAL SUMMARY
JUDGMENT RE WRONGFUL TERMINATION CLAIM AND CROSS MOTION
FOR SUMMARY JUDGMENT ON FAILURE TO PAY VOYAGE
CONTINUANCE WAGES

The Defendant, Crowley Maritime Services Inc. (hereinafter "Crowley") has filed a motion for Partial Summary Judgment in this matter on Plaintiff Gary Crochet's (hereinafter "Crochet") claims for Crowley's failure to pay voyage continuance wages, alleging that:

1) Crochet is barred from bringing a claim for voyage continuance wages because the

**LAW OFFICE OF MICHAEL J. PATTERSON**
810 W. 2ND AVENUE
ANCHORAGE, ALASKA 99501
SBN: 7806051   PHONE: 907-276-7966   FAX: 907-276-0479

*Crochet v. Crowley Maritime Services Inc.*
Case No. 3:05-CV-288 RRB
Motion for Partial MSJ

Opposition to Partial MSJ and Cross
Page 2 of 13

Labor Management Relations Act ("LMRA") bars any claims for wrongful termination;

2) The facts underlying the claim "cannot be disputed" and that it is entitled to judgment as a matter of law.

The instant motion should be denied because

1) Crowley's allegations of misconduct against Crochet were actually litigated in a formal administrative proceeding before the Alaska Department of Workforce Development Appeals Tribunal in January, 2005. Crowley was the appellant. Both parties were afforded the opportunity to present testimony. The Tribunal found against Crowley and reinstated Crochet's right to benefits;

2) Crowley did not appeal the decision of the tribunal. Crowley's claims that Crochet was terminated for good cause are barred by res judicata.

3) Crochet's rights as a Jones Act Seaman to voyage continuance wages under the general maritime law were triggered on the date of his injury, two weeks before Crochet was suspended and later discharged for claimed misconduct;

4) Crowley knew of Crochet's injury, and expressed "concern" about Crochet's health status (and its potential liability for medical expenses incurred by Crochet's health status) prior to its claims of misconduct by Crochet;

5) The LMRA is inapplicable, and no formal hearing limiting Crochet's rights under

Jones Act seaman;

6) A Jones Act Seaman's rights to his remedies cannot be limited by contract;

7) Crowley's Motion fails to meet its burden of showing that there is no genuine issue of material fact and Crowley is not entitled to summary judgment.

Similarly, because Crowley has presented no evidence in to support its Motion suggesting a genuine dispute of material fact that has not already been barred by res judicata, Plaintiff Gary Crochet hereby cross-moves for summary judgment pursuant to FRCP § 56 on his Third Cause of Action, as set forth in his original complaint.

## I. SUMMARY OF RELEVANT FACTS

Crochet was the chief mate on the Crowley's vessel Barge 450-1. In the early evening of October 27, 2004, Crochet received a radio call from the supply boat that would soon arrive with ship's stores for the barge. In order to prepare to receive the supply vessel, it was necessary for Crochet to activate Generator #3 on the barge, which controlled both deck lighting and the crane that was used to retrieve stores from the supply vessel. Generator #3 is located in the bow of the barge and must be manually activated. In order to reach the generator, Crochet had to leave the midship quarters, walk

**LAW OFFICE OF MICHAEL J. PATTERSON**
810 W. 2ND AVENUE
ANCHORAGE, ALASKA 99501
SBN: 7806051   PHONE: 907-276-7966   FAX: 907-276-0479

*Crochet v. Crowley Maritime Services Inc.*
Case No. 3:05-CV-288 RRB
Opposition to Partial MSJ and Cross Motion for Partial MSJ
Page 3 of 13

to the generator, and then cross the deck to the crane. In order to reach these locations, Crochet had to walk across a piece of wood used to cover hydraulic piping on deck. The wood was painted with yellow gloss paint with no nonskid surfacing. In the wet weather conditions, he fell on the slick surfacing of the painted wood and injured his neck.[1] Crochet reported the injury to his employer. The injury continued to worsen and on November 1, 2004 Crochet went to the Valdez Medical Center reporting pain, numbness and tingling in his left arm and pain and tenderness in his neck. He was found unfit for full duty and spent the night in Valdez. The next day, he went to the Valdez emergency room with continuing radiating pain.[2] Crochet filed appropriate incident reports and Crowley, through its agents, were well aware that he was injured and/or ill and that the illness/injury had arisen while he was aboard the 450-1.

Crochet's injury was not his first injury or illness while employed by Crowley. Crochet suffered a low back injury in 2000; he had an appendectomy and kidney stones and an injury to his thumb, all conditions occurred while he was on duty, triggering Crowley's duty to provide cure to Crochet as a Jones Act Seaman. Crowley management had voiced concerns to other employees about the cost of continuing to employ Crochet given his medical history.[3]

---

[1] Exhibit 1. Affidavit of Gary J. Crochet dated April 17, 2006.
[2] Exhibit 2. Medical records of Valdez Regional Medical Authority dated November 1, 2004.
[3] Exhibit 3, Statement of John Alioth dated January 31, 2005.

Crochet v. Crowley Maritime Services Inc.
Case No. 3:05-CV-288 RRB
Motion for Partial MSJ

Opposition to Partial MSJ and Cross
Page 4 of 13

LAW OFFICE OF MICHAEL J. PATTERSON
810 W. 2ND AVENUE
ANCHORAGE, ALASKA 99501
PHONE: 907-276-7966   FAX: 907-276-0479
SBN: 7806051

**LAW OFFICE OF MICHAEL J. PATTERSON**
810 W. 2ND AVENUE
ANCHORAGE, ALASKA 99501
SBN: 7806051   PHONE: 907-276-7966   FAX: 907-276-0479

On November 11, 2004, Crochet was attempting to continue working with his injury. He asked another employee, Caine Hernandez, who was rotating off the 450-1 upon completion of his shift, to take two boxes of food from the barge with him on the vessel that transported Hernandez back to shore because there was no space in the barge food storage to keep the food. "Frosty" Leonard, director of Valdez operations, learned that two boxes were removed from the barge and were coming in with Hernandez and apparently met Hernandez at the dock as he disembarked from the transfer vessel. Crochet and Hernandez were subsequently accused of "stealing" stores belonging to the Crowley. Crochet has consistently denied that accusation.[4]

Crochet was notified by radio that he was being "suspended" in the late evening of November 11, 2004 for the above alleged theft of ship's stores. Although Crowley was required under applicable union rules to provide him with immediate written notice of the reason for his suspension, he was not immediately provided with such notice. During that time, Crowley, through its employee Lee Eglund, apparently told Crochet's union representative that it would not "voluntarily" pay any further medical expenses.[5] Crochet's employment was terminated on or about November 18, 2004 based solely upon the allegation that he stole food stores.

---

[4] Exhibit 1; Exhibit 5.
[5] Exhibit 4, email message from Mark Siems of Masters Mates & Pilots union to Gary Crochet dated November 17, 2004.

Crochet appealed his decision through two avenues: first, he filed a grievance with his union, International Organization of Masters Mates and Pilots Pacific Maritime Region (hereinafter "union"). Second, he filed a claim for unemployment compensation. He was determined eligible for unemployment on December 2, 2004.[6] Crowley appealed this decision and a formal hearing was held on January 21, 2005. Two Crowley management personnel, "Frosty" Leonard and Lee Eglund, testified and presented evidence at that hearing. The hearing officer, sitting as an administrative law judge, found that there was no evidence to support the Crowley's conclusion that he stole food stores.[7]

Crochet continued to pursue his union grievance, but the union ultimately chose not to pursue arbitration because it believed it could not prevail – not because the evidence that it failed to properly investigate indicated that Crochet was guilty of any misconduct. The union's decision not to proceed was not Crochet's, and is unrelated in any way to his rights as a Jones Act Seaman. No police report of any alleged theft was ever made by Crowley or its agents to the Valdez Police Department or any other law enforcement agency. Crowley has never asserted any other basis for Crochet's termination and continues to assert in its Motion that he was fired for stealing stores.

---

[6] Exhibit 5, Appeal Tribunal Decision, Alaska Department of Workforce Development, Docket 05 0002 dated January 21, 2005, page 5.

[7] Exhibit 5, Page 5.

Crochet v. Crowley Maritime Services Inc.
Case No. 3:05-CV-288 RRB
Motion for Partial MSJ
Opposition to Partial MSJ and Cross
Page 6 of 13

LAW OFFICE OF MICHAEL J. PATTERSON
810 W. 2ND AVENUE
ANCHORAGE, ALASKA 99501
PHONE: 907-276-7966   FAX: 907-276-0479
SBN: 7806051

LAW OFFICE OF MICHAEL J. PATTERSON
810 W. 2ND AVENUE
ANCHORAGE, ALASKA 99501
PHONE: 907-276-7966   FAX: 907-276-0479
SBN: 7806051

Crowley failed to pay maintenance and cure for Crochet's neck injury until early 2005. Crowley continues to refuse to pay voyage continuance wages, apparently on the theory that Crochet is not entitled to voyage continuance wages because he was discharged for misconduct. Crowley already litigated and lost on these claims and has not provided any additional factual information that would permit the court to enter summary judgment in its favor.

## II.  SUMMARY JUDGMENT STANDARD

Summary judgment is only granted where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.[8] All inferences must be drawn in favor of the nonmoving party.[9] The initial burden of proving that there are no disputed facts is borne by the moving party. The court may order summary judgment to the nonmoving party under FRCP §56 where the nonmoving party is entitled to summary judgment as a matter of law.

## III.  DISCUSSION

### A. Crowley's Motion Omits Relevant Evidence of Previous Administrative Decision Contradicting its Claims

Crochet applied for unemployment compensation upon being terminated by Crowley. He was found eligible for unemployment on December 2, 2004. Crowley

---

[8] FRCP § 56, Celotex v. Carrett, 417 U.S. 317 (1986).
[9] Nizinski v. Golden Valley Electric Assoc., 509 P.2d 280 (Alaska 1973).

Crochet v. Crowley Maritime Services Inc.
Opposition to Partial MSJ and Cross Motion for Partial MSJ
Case No. 3:05-CV-288 RRB
Page 7 of 13

appealed that finding, continuing to allege Crochet was discharged for stealing a box of food. On January 21, 2005, the Alaska Department of Workforce Development released a decision of Appeals Tribunal. Crowley's employees, "Frosty" Leonard and Lee Eglund, testified at the hearing, as did Crochet. After hearing evidence presented by the parties, the Tribunal affirmed the decision of the unemployment compensation division to award unemployment compensation to Crochet because 1) allegations incriminating Crochet were unsupported by the evidence, and 2) Hernandez, who was accused of assisting Crochet in the theft of a box of food, was intercepted by Crowley's employees immediately upon disembarking from the transfer vessel, so there was no evidence to support Crowley's claim that Crochet had directed him to remove them from company possession and divert them to Crochet's possession. In short, the Appeals Tribunal found that "the evidence [does] not support the conclusion that Mr. Crochet misappropriated company food. A disqualification is not in order."[10]

If there was any evidence to support Crowley's claims that Crochet stole stores, Crowley had the chance to present it at the tribunal. It failed to do so. The evidence presented was unsupported and unpersuasive to the finder of fact in that proceeding. The tribunal disagreed with Crowley's claim in its Motion that "the facts cannot be disputed". That tribunal was, in fact, the sole formal proceeding relating to Crowley's claim that

---

[10] Exhibit 5 at page 5.

*Crochet v. Crowley Maritime Services Inc.*
Case No. 3:05-CV-288 RRB
Opposition to Partial MSJ and Cross Motion for Partial MSJ
Page 8 of 13

**LAW OFFICE OF MICHAEL J. PATTERSON**
810 W. 2ND AVENUE
ANCHORAGE, ALASKA 99501
SBN: 7806051  PHONE: 907-276-7966  FAX: 907-276-0479

Crochet committed misconduct and it found that Crochet committed no misconduct. Crowley did not appeal the tribunal decision. Its decision stands.

Crowley, having already litigated and lost at a formal administrative proceeding its claims that it fired Crochet for misconduct, should not be permitted to raise those issues again in an action arising under the Jones Act and general maritime law. Crowley, in its documents supporting its Motion for Partial Summary Judgment, also fails to present any evidence to support its claims.[11] Crowley has submitted the agreement between Crochet's union and Crowley, a letter terminating Crochet's employment dated November 22, 2004, and a letter from the union president dated March 15, 2005 stating that the union did not intend to proceed in defense of Crochet at formal arbitration under the union contract. None of these documents provides a basis for summary judgment in favor of Crowley. Nor do they have anything to do with Crochet's rights as a Jones Act Seaman to payment of his voyage continuance wages. In fact, Crowley's supporting exhibits, viewed in tandem with the Tribunal Decision, show exactly the opposite: the only formal finding of fact relating to Crochet's termination was in Crochet's favor. Moreover, since Crowley neither appealed the decision of the Unemployment tribunal nor conducted its own formal fact finding, such as might be conducted in formal arbitration, contradicting those findings, Crowley is barred both by res judicata and by the

---

[11] Mr. Eglund, in his Declaration dated April 3, 2006, omitted mention of his appearance and testimony before the Tribunal in January 2005.

LAW OFFICE OF MICHAEL J. PATTERSON
810 W. 2ND AVENUE
ANCHORAGE, ALASKA 99501
PHONE: 907-276-7966   FAX: 907-276-0479
SBN: 7806051

*Crochet v. Crowley Maritime Services Inc.*
Case No. 3:05-CV-288 RRB
Opposition to Partial MSJ and Cross Motion for Partial MSJ
Page 9 of 13

Crowley would have liked, as discussed below.

**B.  Crochet Was Not Terminated for Misconduct**

Crochet was injured on October 27, 2004. He sought medical attention on November 1, 2004. Subsequently, Crowley's actions, as described in the Tribunal Decision, indicate that Crowley management, having previously voiced concerns over Gary's medical history,[12] went to unusual lengths to find something wrong with Crochet's conduct in the days immediately following his report of injury. Crochet, who worked his way up through the ranks to Chief Mate, was compensated commensurate with his position, and was charged with considerable responsibility in that role, was reported to have enlisted another employee to help him steal two boxes of food from the barge in the middle of his 60 day shift. Crowley's response, as detailed in the Tribunal's decision, was to send the director of Valdez operations to intercept the other employee as he disembarked the transfer vessel, accuse both of stealing food, suspend Crochet, and fire him a few days later.

Crochet was not provided a reason for his suspension. He was sent home, denied maintenance and cure, not paid voyage continuance wages, and fired – all within a month

---

[12] Exhibit 1, Affidavit of G. Crochet, Exhibit 3, Statement of Alioth.

LAW OFFICE OF MICHAEL J. PATTERSON
810 W. 2ND AVENUE
ANCHORAGE, ALASKA 99501
SBN: 7806051   PHONE: 907-276-7966   FAX: 907-276-0479

of his injury. Two months later, Crowley could not produce credible evidence of misconduct. It has still not been able to do so.

Crochet continues to gather evidence and will produce at trial evidence that Crowley was concerned about Crochet's medical expenses. Crochet will, at trial, provide testimony and/or sworn statements from witnesses similar to that of Alioth's in Exhibit 3 who were told by Crowley management that the company was unhappy with Crochet's various medical problems over the past few years but that they were legitimate so nothing could be done. Again, these are genuine issues of material fact that preclude summary judgment in favor of Crowley.

C. **The LMRA is Inapplicable**

Crowley claims that Crochet's sole remedies for wrongful termination are found in the general agreement with his union[13] and that because his union did not go to arbitration to obtain those remedies for him, he is not entitled to any remedies and is time-barred by the LMRA's six month statute of limitations. Crowley's claim is based upon an entirely incorrect interpretation of the application of the LMRA and the remedies available to Jones Act seaman. The LMRA is unrelated to the claims of a Jones Act seaman for voyage continuance wages. Union contracts, which are the subject of the LMRA, may expand the field of remedies available to the Jones Act seaman but those remedies cannot

---
[13] Crowley's Exhibit A.

LAW OFFICE OF MICHAEL J. PATTERSON
810 W. 2ND AVENUE
ANCHORAGE, ALASKA 99501
SBN: 7806051   PHONE: 907-276-7966   FAX: 907-276-0479

be limited by contract; in fact, Jones Act seaman cannot contract away their remedies under the Jones Act or the general maritime law.[14]

In particular, a seaman's traditional right to voyage continuance wages cannot be limited by contract. Crochet was and is entitled to voyage continuance wages due to his injury on October 27, 2004, and that right arose at the same time as his right to maintenance and cure. The only way Crowley could avoid paying Crochet's voyage continuance wages was to terminate him. It needed a reason to terminate him, so it created one. Crowley's reason was found unsupported by the facts at the unemployment tribunal.

The fact that Crochet's union did not further pursue his rights he had under the union contract -- which are not the same as his Jones Act rights -- demonstrates nothing except the ineffectuality of his union representatives in this instance. There was merely an informal decision by the union to not pursue arbitration. Crochet, in his complaint, has raised the issue that he was wrongfully terminated because Crowley has refused to pay him voyage continuance wages. He is entitled to those under the Jones Act, not the union contract, and his right to them arose when he was injured. Crowley should not be permitted to rely on a statute intended to provide rights to employees where arbitration applies to limit the remedies of an employee whose remedies are not bound by arbitration.

---

[14] *Dowdle v. Offshore Express, Inc.* 809 F.2d 259 (5th Cir. 1987).

*Crochet v. Crowley Maritime Services Inc.*
Case No. 3:05-CV-288 RRB
Opposition to Partial MSJ and Cross Motion for Partial MSJ
Page 12 of 13

**LAW OFFICE OF MICHAEL J. PATTERSON**
810 W. 2ND AVENUE
ANCHORAGE, ALASKA 99501
SBN: 7806051   PHONE: 907-276-7966   FAX: 907-276-0479

Crowley implicitly recognized Crochet's rights when it began paying maintenance and cure a few months after his injury; it has simply refused to pay his voyage continuance wages. It should be ordered to immediately begin doing so now.

## IV. CONCLUSION

For the reasons discussed above, Crowley's Motion for Partial Summary Judgment Re Wrongful Termination should be DENIED and Crochet's Cross Motion for Partial Summary Judgment should be GRANTED as to Crochet's Third Cause of Action as set forth in his First Amended Complaint.

DATED this 17th day of April 2006 at Anchorage, Alaska.

Heather L. Gardner # 0110179
Attorney for Plaintiff Gary J. Crochet

I hereby certify that a copy of the foregoing document was hand-delivered/mailed to the following on the 18th day of April, 2006:

Douglas R. Davis, Esq.
1029 W. Third Avenue Suite 650
Anchorage, Alaska 99501

by: _____

**LAW OFFICE OF MICHAEL J. PATTERSON**
810 W. 2ND AVENUE
ANCHORAGE, ALASKA 99501
SBN: 7806051  PHONE: 907-276-7966  FAX: 907-276-0479