DOUGLAS R. DAVIS
KEESAL, YOUNG & LOGAN
1029 West Third Avenue, Suite 650
Anchorage, Alaska 99501-1954
Telephone: (907) 279-9696
Facsimile: (907) 279-4239

Attorneys for Crowley Marine Services, Inc.

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ALASKA**

GARY J. CROCHET,

Plaintiff,

vs.

CROWLEY MARINE SERVICES, INC.,

Defendant.

Case No. 3:05-CV-288-TMB

**REPLY IN SUPPORT OF DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT RE WRONGFUL TERMINATION CLAIM**

## I. SUMMARY OF REPLY

Plaintiff fails to refute any of the authorities that Crowley relied upon to establish that Plaintiff's wrongful discharge claim arises under §301 of the Labor Management Relations Act, 29 U.S.C. §185, and that the six month statute of limitations applicable to such cases constitutes a completely bars this claim. Without any supporting authority, Plaintiff argues that consideration of his termination in this case is *res judicata* because of a prior and unrelated administrative hearing regarding his state unemployment compensation. However, Plaintiff conveniently ignores the express mandate of Alaska statute, which directs that administrative determinations regarding unemployment compensation are not conclusive or binding in any subsequent proceeding in

another forum.

Plaintiff next argues, again without citing authority, that he is entitled to "voyage continuance wages" as a matter of right due to his status as a "Jones Act" seaman, and that his collective bargaining agreement ("CBA") cannot contractually alter his right to recover his unearned wages until the end of his voyage. While this may be correct in the abstract, it is not true in this case. Plaintiff was not paid his wages to the end of his expected contract term because he was terminated for stealing from his employer, not because he was unable to complete his contract because of a work-related injury. At the time of his discharge, Plaintiff was in fact fit for duty and was employed on board the Barge 450-1. Thus, Plaintiff has no "unearned wages" that he would have received but for his supposed injury. Plaintiff is therefore not entitled to voyage continuance or unearned wages.

In summary, no law or issue of fact prevents this Court from dismissing Plaintiff's third cause of action, whether it is an attempt to assert a wrongful termination claim, which is barred by operation of law, or a general maritime claim for unearned wages "to the end of the voyage," which is not factually supported in this case. This Court should grant Crowley's motion for partial summary judgment.

## I. ARGUMENT

### A. ALASKA STATUTE MANDATES THAT ADMINSTRATIVE FINDINGS REGARDING UNEMPLOYMENT COMPENSATION CLAIMS ARE NOT BINDING IN ANOTHER PROCEEDING.

Without citing any authority, Plaintiff asserts that the administrative findings from Alaska's Employment Security Division regarding an unemployment benefits claim bar Crowley "from claiming that Plaintiff was

terminated for misconduct" because of "res judicata" and "the doctrine of laches."[1] Plaintiff completely ignores Alaska law squarely against his assertion. To determine whether quasi-judicial state administrative proceedings have any preclusive effect in a later court case, a federal court looks to that state's laws.[2] Alaska law specifically mandates that Employment Security Division proceedings can have *no* preclusive effect here.

Specifically, Alaska statute provides:

> A finding of fact or law, judgment, conclusion or final order made with respect to a claim for unemployment compensation under this chapter **is not conclusive or binding in any separate or subsequent action or proceeding in another forum concerning proceedings not under this chapter,** regardless of whether the prior action was between the same or related parties or involved the same facts.[3]

Thus, no finding of fact, law, judgment or final order made in Plaintiff's unemployment compensation proceeding is "conclusive or binding" in this subsequent court proceeding unrelated to unemployment compensation. Plaintiff's contrary assertion is patently incorrect. Under Alaska law, the administrative proceeding can have no preclusive effect in this case.

//

//

//

---

[1] Dkt No. 17: Opposition to Crowley's Motion for Partial Summary Judgment re Wrongful Termination Claim and Cross Motion for Summary Judgment on Failure to Pay Voyage Continuance Wages, filed April 18, 2006 ("Plaintiff's Opp.") at 9-10.

[2] *See Guild Wineries & Distilleries v. Whitehall Co.,* 853 F.2d 755, 758 (9th Cir.1988) (recognizing that the federal court looks to state law to determine whether to give preclusive effect of legal conclusions from state administrative proceedings); *Carroll v. Maui County,* 866 F. Supp. 459, 463 (D.C. Haw. 1994) (applying Hawaii law to hold that state administrative proceeding that determined that employee was not entitled to unemployment compensation had no preclusive effect on later wrongful termination case).

[3] AS 23.20.497(a) (emphasis added).

### B. NO FACTS PREVENT DISMISSAL OF PLAINTIFF'S THIRD CAUSE OF ACTION.

#### 1. Plaintiff's "Wrongful Termination" Claim is Time-Barred.

Plaintiff summarily dismisses the preemptive effect of §301 of the Labor Management Relations Act[4] as "inapplicable," but he fails to cite any case law or other authority that would somehow establish that Plaintiff's claim for wrongful termination is not barred by the six month statute of limitations applicable to such claims.[5] Plaintiff totally fails to distinguish the numerous case law authorities that Crowley cites, which show that Plaintiff's claim for wrongful termination is preempted by §301 and time-barred by the six month statute of limitations applicable to such claims.[6]

Federal labor law, as developed under § 301, generally requires employees to seek redress for grievances through arbitration when there is an applicable CBA that provides for this dispute resolution.[7] Courts afford great deference to a "finality" provision of a union contract.[8] Consequently, the employee is bound by the outcome of the grievance process unless the employee can show that his union breached its duty of fair representation.[9] Thus, even where an employee exhausts

---

[4] §301 of the Act is found at 29 U.S.C. §185. 29 U.S.C. §185(a) provides: "Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in the chapter, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction over the parties, without respect to the amount in controversy or without regard to the citizenship of the parties."

[5] Plaintiff's Opp. at 2.

[6] Dkt No. 14: Memorandum in Support of Defendant's Motion for Partial Summary Judgment Re Wrongful Termination Claim at 6-8.

[7] *See e.g. Hines v. Anchor Motor Freight,* 424 U.S. 554, 563, 96 S.Ct. 1048, 1055-56, 47 L.Ed.2d 231 (1976) (stating grievant cannot "sidestep the grievance machinery . . . unless he attempted to utilize the contractual procedures for settling his dispute with his employer"); *Carr v. Pacific Maritime Ass'n,* 904 F.2d 1313, 1318 (9th Cir. 1990) (dismissing breach of CBA claim where employees failed to exhaust CBA's grievance process).

[8] *Steelworkers v. American Mfg. Co.*, 363 U.S. 564, 566, 4 L. Ed. 2d 1403, 80 S. Ct. 1343 (1960); *Steelworkers v. Enterprise Corp.*, 363 U.S. 593, 599, 4 L. Ed. 2d 1424, 80 S. Ct. 1358 (1960).

[9] *DelCostello v. Int'l Brotherhood of Teamsters,* 462 U.S. 151, 164, 76 L.Ed.2d 476, 103 S. Ct.

the CBA's grievance process, he can bring a case for wrongful discharge *only* where he can prove that the union breached it duty of fair representation.[10] Such a wrongful termination claim arises under §301.[11] A plaintiff must prove the union's breach whether he chooses to sue just his employer, his union, or both potential defendants for wrongful discharge.[12]

Here, the CBA specifically provides that the grievance process and arbitration, if conducted, is the "final and binding" judgment on all parties.[13] Plaintiff wholly misunderstands the law when he argues that § 301 should not apply simply because it was the union's decision, not his, to not pursue his grievance to arbitration.[14] Instead, he must show that the union's conduct in handling his grievance was "arbitrary, discriminatory or in bad faith."[15] Plaintiff, however, did not make any such allegations in his complaint or present any such evidence. Plaintiff does not get to challenge the outcome of the grievance process absent proof that the union breached its duty of fair representation.

More importantly, as Crowley explained in its moving papers, such a claim

---

2281 (1983).
[10] *Vaca v. Sipes*, 386 U.S. 171, 181-83, 87 S.Ct. 903, 1 L.Ed.2d 842 (1967). *See also Scott v. Mach. Automotive Trades Dist. Lodge No. 190 of No. Calif.*, 827 F.2d 589, 592-3 (9th Cir. 1987) dismissing all § 301 claims because plaintiff failed to show that union breached duty of fair representation); *Stevens v. Moore Business Forms, Inc.*, 18 F.3d 1443, 1446 (9th Cir. 1994) (affirming grant of summary judgment in favor of union and employer where plaintiff failed to prove that union breached its duty of fair representation); *Cady v. Twin Rivers Towing*, 486 F.2d 1335, 1337-8 (3d Cir. 1973) (holding that seaman could not bring a wrongful discharge claim against his employer because "absent showing that the union breached its duty of fair representation, disposition of the claim pursuant to the grievance procedures of the contract is final").
[11] *Hines*, 424 U.S. at 567 (holding that employees' suit to recover from their former employer and labor union for alleged wrongful discharge based on union's violation of duty of fair representation because of failure to investigate charges of stealing was § 301 claim); *Scott*, 827 F.2d at 591.
[12] *DelCostello*, 462 U.S. at 164-5.
[13] Dkt. No. 15: Egland Dec., Ex. A: CBA at 12 (Rule 18.05).
[14] Plaintiff's Opp. at 12.
[15] *Vaca*, 386 U.S. at 190; *Scott*, 827 F.2d at 593.

is time-barred even if Plaintiff could prove such allegations regarding his union. A plaintiff must bring a § 301 action within six months after receives a letter from his union notifying him that it will not pursue his claim any further.[16] Whether the statute of limitations bars Plaintiff's claims is wholly separate from whether facts might exist that show Plaintiff was unjustifiably terminated. The only facts relevant to summary judgment dismissal are those related to the limitations period,[17] which are undisputed.

Plaintiff does not dispute that he received this notification from the union on March 5, 2005.[18] It is also undisputed that Plaintiff filed his first complaint on December 8, 2005, and his amended complaint (which included the claim for "voyage continuance wages") on January 5, 2006.[19] Thus, even if Plaintiff could prove a §301 claim, he filed both complaints well beyond the six month limitation period. His third cause of action, if based on "wrongful termination," is clearly time-barred. This Court must dismiss this claim.[20]

**2. <u>Plaintiff is Not Entitled to "Voyage Continuance Wages" under General Maritime Law</u>.**

Plaintiff attempts to make an end run around §301 by arguing that his claim is simply for "voyage continuance wages" under the general maritime law, which cannot be contractually modified.[21] Plaintiff is correct that a collective bargaining agreement cannot contractually abrogate a seaman's right to

---

[16] 29 U.S.C. § 160(b); *DelCostello v. International Brotherhood of Teamsters,* 462 U.S. 151, 158, 76 L.Ed.2d 476, 103 S. Ct. 2281 (1983); *Grant v. McDonnell Douglas Corp.*, 163 F.3d 1136, 1138 (9th Cir. 1998).

[17] *See Grant,* 163 F.3d at 1138 (dismissing §301 as time-barred without reaching any issues as to substance of claim).

[18] Dkt No. 15: Egland Dec. ¶6, Ex. C.

[19] Dkt Nos. 1 and 3.

[20] *Grant,* 163 F.3d at 1138.

[21] Plaintiff's Opp. at 12.

unearned wages.[22] Plaintiff does not, however, have a general maritime right to voyage continuance wages in this case. Plaintiff's employment ended not because he was unfit for duty because of an alleged injury, but because he was discharged for stealing his employer's property.[23]

Under general maritime law, irrespective of fault, a seaman who is injured or becomes sick during the term of his employment is entitled to wages he would have earned had he been able to complete the contractual terms of his employment, but for his injury or illness.[24] Such an "unearned wages" claim is separate and distinct from both a Jones Act personal injury action (which is based on the shipowner's negligence)[25] and a general maritime action for maintenance and cure benefits.[26] Furthermore, contrary to Plaintiff's implication, an unearned wages award does not depend on a seaman's maintenance and cure benefits.[27]

Instead, a shipowner's duty to pay maintenance and cure terminates when the seaman's affliction is cured or declared to be permanent.[28] "Unearned wages,"

---

[22] *Lipscomb v. Foss Maritime Co.*, 83 F.3d 1106, 1108 (9th Cir. 1996) (citing *Cortes v. Baltimore Insular Line,* 287 U.S. 367, 371, 53 S.Ct. 173, 174, 77 L.Ed. 368 (1932)). *See also Vitco v. Joncich,* 130 F. Supp. 945, 951 (S.D. Cal. 1951), *aff'd* 234 F.2d 161 (9th Cir. 1956). The method for calculating the amount of maintenance, cure, and wages, however, may be determined by collective bargaining. *Gardiner v. Sea-Land Serv., Inc.,* 786 F.2d 943, 949 (9th Cir. 1986).

[23] Declaration of Kerry Weiss ¶ 4, 6, filed concurrently ("Weiss Dec.").

[24] *Lipscomb*, 83 F.3d at 1109.

[25] 46 U.S.C. App. § 688.

[26] *Berg v. Fourth Shipmor Assoc.*, 82 F.3d 307, 309 (9th Cir. 1996); *Ferrara v. A. & V. Fishing, Inc.,* 99 F.3d 449, 452 (1st Cir.1996); *Vickers v. Tumey*, 290 F.2d 426, 434 -35 (5th Cir. 1961) (explaining difference between lost wages as an element of Jones Act damages and unearned wages as an element of maintenance and cure). Part of the Jones Act general damages recovery may include, however the seaman's lost wages from the date of the injury through trial and, if established, the probable loss of wages in the future, which can overlap with an unearned wages award. *Fitzgerald v. United States Lines,* 374 U.S. 16, 19 & n. 6, 83 S.Ct. 1646, 1649 & n. 6, 10 L.Ed.2d 720 (1963) (recognizing the overlap in potential recoveries and the need to avoid duplication of damages).

[27] *See e.g., Gulledge v. U.S.*, 337 F. Supp. 1108, 1113 (E.D. Pa. 1972) (awarding maintenance for 47 days seaman was unfit for duty, but unearned wages for only 10 days to end of the contract period); *Lundborg v. Keystone Shipping Co.*, 138 Wn.2d 658, 674, 981 P.2d 854, 862 (Wash.1999) (holding that plaintiff was entitled to maintenance award but not unearned wages).

[28] *Vella v. Ford Motor Co.,* 421 U.S. 1, 3, 95 S.Ct. 1381, 43 L.Ed.2d 682 (1975).

on the other hand, is a very limited award. A shipowner must only pay the amount of wages that the seaman would have earned through the end of the voyage (or the end of the employment contract) had he been able to complete it. [29] That is, the seaman's *actual* "unearned wages," i.e. what he would have earned "but for" his illness injury.[30]

Thus, for example, where a seaman signs off the vessel injured at the *end* of the voyage, there are no actual wages to which he is entitled, and he has no "unearned wages" claim.[31] Similarly, where a seaman does not have a contract of employment for a definite period of time beyond the date he was injured and signed off the vessel, he is not entitled to "unearned wages."[32] Last, a seaman who is discharged for cause before the end of the voyage is also not entitled to any unearned wages.[33]

Here, Plaintiff can prove no "actual" wages that he would have earned "but for" his supposed injury. Plaintiff incorrectly claims he is entitled to "voyage continuance wages" simply because he was injured, even though he returned to work after his supposed injury and was terminated for misconduct.[34] Plaintiff did not receive his wages to the end of his expected contract term because he was terminated for stealing, not because he was unable to complete his contract because of an injury. As he admits, Plaintiff was suspended (and eventually

---

[29] *Berg*, 82 F.3d at 309; *Vickers,* 290 F.2d at 434.
[30] *Lipscomb*, 83 F.3d at 1109.
[31] *Lundborg*, 138 Wn.2d at 674.
[32] *Moran Towing of Florida, Inc. v. Mays*, 620 So.2d 1088, 1092 (Fla. App. 1993) (reversing unearned wages award where injured seaman was paid through day of injury and collective bargaining agreement was not a mutually binding employment contract for a definite period of time).
[33] *Escobar v. Washington Trader*, 1973 AMC 88, 94, (N.D. Cal. 1972) (denying award of unearned wages where seaman terminated before end of voyage).
[34] Weiss Dec. ¶¶3-4.

terminated) while on active duty.[35] Thus, Plaintiff cannot prove any *actual* wages that he would have earned "but for" his injury. For yet another reason, this Court should dismiss his third cause of action.

## III. CONCLUSION

This Court should dismiss plaintiff's third cause of action whether it is an attempt to assert a preempted claim for wrongful termination or a maritime unearned wage claim. Plaintiff has already challenged his "wrongful termination" through the union grievance process. Any challenge to his termination would necessarily require the Court to determine whether plaintiff's conduct was grounds for termination under the relevant CBA terms. Thus, any such claim arises under § 301 of the LMRA and is barred by the six month statute of limitations applicable to such claims.

The administrative unemployment proceedings are wholly irrelevant to this case and Plaintiff has no right to "voyage continuance wages" under maritime law. Indeed, Plaintiff is not even entitled to any lost or future wages unless he proves his Jones Act negligence or unseaworthiness claims. It is clear that plaintiff's third cause of action, no matter what its basis, must be dismissed.

DATED at Anchorage, Alaska this 4th day of May 2006.

KEESAL, YOUNG & LOGAN
Attorneys for Crowley Marine Services, Inc.

s/DOUGLAS R. DAVIS
1029 W. Third Avenue, Suite 650
Anchorage, AK 99501
(907) 279-9696
(907) 279-4239 facsimile
doug.davis@kyl.com
Alaska Bar No. 7605022

---

[35] Plaintiff's Opp. at 5. *See also* Weiss Dec. ¶¶4; Ex. A: fit for duty slip.

CERTIFICATE OF SERVICE:

I HEREBY CERTIFY THAT I CAUSED TO BE SERVED A TRUE AND CORRECT COPY OF THE FOREGOING THIS 4TH DAY OF MAY, 2006 TO:

Via Email and US Mail

Michael J. Patterson
Heather L. Gardner
Law Office of Michael J. Patterson
810 W. 2nd Avenue
Anchorage, AK 99501

s/ DOUGLAS R. DAVIS

SE44007