1  DOUGLAS R. DAVIS
   KEESAL, YOUNG & LOGAN
2  1029 West Third Avenue, Suite 650
   Anchorage, Alaska 99501-1954
3  doug.davis@kyl.com
   Telephone:  (907) 279-9696
4  Facsimile:  (907) 279-4239

5  Attorneys for Crowley Marine Services, Inc.

6

7

8           **IN THE UNITED STATES DISTRICT COURT**

9              **FOR THE DISTRICT OF ALASKA**

10

11 GARY J. CROCHET,                     )
                                        )   Case No.  3:05-cv-0288-TMB
12                        Plaintiff,    )
                                        )
13                                      )
           vs.                          )
14                                      )
   CROWLEY MARINE SERVICES, INC.        )   **JOINT STATUS REPORT**
15                                      )
                        Defendant.      )
16                                      )
                                        )
17                                      )
                                        )
18                                      )
   _____)
19

20

21         Pursuant to the court's order of May 9, 2006, the parties wish to provide the

22 following status report.

23

24 A.    Nature of Case

25         1.    Lead Attorneys

26                    Douglas R. Davis
                      Keesal Young & Logan
27                    1029 W. Third Avenue, Suite 650
                      Anchorage, AK  99501
28

1

(907) 279-9696

2

3      Heather Gardner
        Michael Patterson
4      Law Office of Michael Patterson
        810 W. Second Avenue
5      Anchorage, AK  99501
        (907) 276-7966
6

7          2.    Basis for Federal Jurisdiction

8                Admiralty law

9          3.    Nature of the Claims Asserted in the Complaint and Any

10   Counterclaims

11               Plaintiff has brought claims for personal injuries under the Jones Act

12   and for unseaworthiness.  Plaintiff has also claimed for maintenance, cure and lost

13   wages based on his status as a seaman.  Plaintiff has also brought a claim for wrongful

14   discharge from his employment with defendant.  There are no counterclaims yet.

15         4.    Name of Parties Not Served

16               None

17         5.    Principal Legal and Factual Issues

18   PLAINTIFF:

19               a.  Defendant's negligence was direct and proximately the cause of

20   plaintiff's injury on 10/27/04 onboard the Barge 450-1.

21               b.  Defendant failed to provide safe and seaworthy conditions aboard

22   Barge 450-1.  The unseaworthy condition was the direct and proximate cause of

23   plaintiff's injury on 10/27/04.

24               c.  Defendant is strictly liable to plaintiff for the injuries resulting

25   from the unseaworthy condition(s) that existed aboard Barge 450-1 on 10/27/04.

26               d.  Plaintiff suffered severe and permanent damage as a result of the

27   10/27/04 injury aboard Barge 450-1.

28               e.  Defendant has failed to pay voyage continuation wages to which

Crochet v. Crowley Marine Services          - 2 -

1  plaintiff continues to be entitled.

2         f.  Defendant's refusal to pay continuance wages is wanton,

3  outrageous, and retaliatory conduct.

4         g.  Other issues may arise and be presented following completion of

5  discovery.  Plaintiff reserves the right to raise other issues.

6  DEFENDANT:

7         a.     Whether plaintiff's claim for wrongful termination is barred as

8  has been briefed to the court in defendant's motion for summary judgment seeking

9  dismissal of plaintiff's claims for wrongful termination.

10        b.     Is plaintiff entitled to recovery of unearned wages, since

11  plaintiff was terminated for cause while he was working for defendant and fit for duty.

12        c.     Since plaintiff was primarily responsible for the safety of the

13  area in question, is he barred from any recovery?

14        d.     Was plaintiff injured as he alleges in his complaint?

15        e.     Was defendant negligent as alleged by plaintiff in his

16  complaint?

17        f.     Was the negligence of defendant, if any, the proximate cause of

18  plaintiff's alleged injury?

19        g.     Was the vessel unseaworthy as alleged in plaintiff's complaint?

20        h.     Was any unseaworthy condition the proximate cause of

21  plaintiff's injury, if any?

22        i.     What are plaintiff's damages, if any, caused by alleged

23  negligence or unseaworthiness as alleged in plaintiff's complaint?

24        j.     Were plaintiff's injuries caused or contributed to by his own

25  fault, intentional actions or negligence?

26        k.     Were plaintiff's alleged injuries caused by or contributed to by

27  actions or negligence of others over whom defendant had no duty or control?

28        l.     Has plaintiff failed to mitigate his damages, if any?

1             m.    Were plaintiff's injuries, if any, the result of a superseding

2    cause for which defendant is not liable?

3             n.    Was plaintiff's discharge by defendant wrongful?

4             o.    Were defendant's actions in terminating plaintiff taken in good

5    faith, with honesty of purpose, and not maliciously, and were defendant's actions job

6    related and consistent with business necessity?

7             p.    Whether plaintiff is barred from asserting claims or causes of

8    action by virtue of the doctrines of unclean hands and *in pari delicto*.

9             q.    Whether plaintiff's claims relating to his discharge are

10   preempted by federal labor law, and specifically §301 of the Labor Management and

11   Relations Act (29 USC §185(a)).

12            r.    Are plaintiff's claims relating to his discharge barred by

13   operation of the six month statute of limitation applicable to such claims?

14   B.    <u>Discovery</u>

15           1.    <u>Brief Description of Completed Discovery and Any Remaining</u>

16   <u>Discovery</u>

17           The parties have made their initial disclosures and engaged in

18   written discovery.  Defendant has taken plaintiff's deposition.  Defendant anticipates

19   taking additional depositions of approximately 10 fact witnesses.  Plaintiff anticipates

20   taking depositions of _____ witnesses.  The parties may also engage in additional written

21   discovery.

22           2.    <u>Brief Description of Any Pending Motions and Anticipated Motions.</u>

23           Defendant has filed a motion for partial summary judgment on the

24   issue of whether plaintiff's claim for wrongful termination is barred by a six-month

25   statute of limitations applicable under Federal Labor Law.

26           3.    <u>Brief Description of Previously Entered Rulings on Substantive</u>

27   <u>Issues.</u>

28           There have been none to date.

Crochet v. Crowley Marine Services      - 4 -

1    4.    Any Previously Filed Status Reports

2         The parties have filed a scheduling and planning conference report

3    dated February 23, 2006.

4    C.    Trial

5         The parties anticipate trial of this matter taking approximately 8 days.

6    Trial will be to the court.

7    D.    Settlement

8         1.    Status of Any Settlement Discussions and Whether the Parties

9    Request a Settlement Conference.

10        The parties have not had any settlement discussions, and a

11   settlement conference is not requested at this time.

12
13                    KEESAL, YOUNG & LOGAN
                      Attorneys for Crowley Marine Services, Inc.
14
15        By: _____
16                    DOUGLAS R. DAVIS
                      ALASKA BAR NO. 7605022
17
18                    LAW OFFICE OF MICHAEL PATTERSON
                      Attorneys for Gary Crochet
19
20
21        By: _____
22                    HEATHER GARDNER
                      ALASKA BAR NO. 0111079
23
24
25
26
27
28

Crochet v. Crowley Marine Services        - 5 -