IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| GARY J. CROCHET,<br><br>　　　　　　　　Plaintiff,<br><br>　vs.<br><br>CROWLEY MARINE SERVICES, INC.,<br><br>　　　　　　　　Defendant. | Case No. 3:05-cv-0288  TMB<br><br><br>ORDER GRANTING MOTION FOR<br>LEAVE TO AMEND ANSWER |

　　　　At Docket No. 11, Defendant Crowley Marine Services, Inc. ("Crowley") moved for leave to amend its answer to include the affirmative defense that Plaintiff Gary J. Crochet's ("Crochet") claim for payment of voyage continuation wages is preempted by operation of law in accordance with §301 of the Labor Relations Management Act, 29 U.S.C. § 185, and barred by expiration of the six month statue of limitations applicable to such claims.  Under Federal Rule of Civil Procedure 15(a), leave to amend "shall be freely given when justice so requires."  The Ninth Circuit has explained that "this policy is to be applied with extreme liberality."[1]  "In determining whether leave to amend is appropriate, the district court considers 'the presence of any of four factors: bad faith, undue delay, prejudice to the opposing party, and/or futility.' "[2]  In its opposition to Crowley's motion for leave to amend, Crochet "opposes on the exact basis" as the substantive arguments contained in its opposition to Crowley's motion for summary judgment, but offers no evidence of bad faith, undue delay, prejudice or futility as a basis for this Court to deny the motion to amend.  The Court therefore **GRANTS Crowley's motion for leave to amend at Docket No. 11.**

**Dated this 12th day of December, 2006.**

---

　　[1]　　*Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990).

　　[2]　　*Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001)(citing *Griggs v. Pace Am. Group, Inc.*, 170 F.3d 877, 880 (9th Cir. 1999)).