DOUGLAS R. DAVIS
KEESAL, YOUNG & LOGAN
1029 West Third Avenue, Suite 650
Anchorage, Alaska 99501-1954
Telephone: (907) 279-9696
Facsimile:  (907) 279-4239

Attorneys for Crowley Marine Services, Inc.

UNITED STATES DISTRICT COURT

DISTRICT OF ALASKA

| | |
|---|---|
| GARY J. CROCHET,<br><br>                    Plaintiff,<br><br>       vs.<br><br>CROWLEY MARINE SERVICES, INC.,<br><br>                    Defendant. | Case No. 3:05-CV-288-TMB<br><br>**AMENDED ANSWER TO FIRST AMENDED COMPLAINT** |

Defendant Crowley Marine Services, Inc., by and through counsel answers Plaintiff's First Amended Complaint as follows:

1. Answering paragraph 1, Defendant admits that Plaintiff worked as a seaman on board the Barge 450-1 on October 27, 2004. The remaining allegations of paragraph 1 of Plaintiff's complaint are denied.

2. Answering paragraph 2, Defendant admits the allegations contained therein.

3. Answering paragraph 3, the allegations contained therein raise issues of law which require no answer.

4. Answering paragraph 4, Defendant admits the allegations contained therein.

1  5. Answering paragraph 5, Defendant denies the allegations contained therein.

6. Answering paragraph 6, the allegations contained therein raise issues of law which require no answer.

7. Answering paragraph 7, the allegations contained therein raise issues of law which require no answer.

8. Answering paragraph 8, Defendant admits the Plaintiff was a resident of the State of Alaska on or about October 27, 2004.

9. Answering paragraph 9, Defendant admits that it does business in the State of Alaska. The remaining allegations of paragraph 9 are denied.

10. Answering paragraph 10, Defendant admits the allegations contained therein.

11. Answering paragraph 11, Defendant denies any and all allegations concerning any claimed injury by Plaintiff. Defendant admits that its vessel is located within the territorial waters of the State of Alaska, and that it conducts business within the State of Alaska. The remaining allegations of paragraph 11 of the complaint raise issues of law which require no answer.

ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

12. Answering paragraph 12, Defendant incorporates by reference and realleges its answers to paragraphs 1 through 11 above.

13. Answering paragraph 13, Defendant admits that the Barge 450-1 is a vessel that is regularly in navigation in Alaska waters.

14. Answering paragraph 14, Defendant admits that Plaintiff was employed on board the Barge 450-1 on October 27, 2004 in Alaska waters. The remaining allegations of paragraph 14 are denied.

15. Answering paragraph 15, Defendant denies the allegations

contained therein.

16. Answering paragraph 16, Defendant admits that Plaintiff was discharged for stealing ship's stores, and that Plaintiff's theft was not initially reported by Defendant to the police. Defendant denies the remaining allegations contained in paragraph 16.

17. Answering paragraph 17, Defendant denies the allegations contained therein.

18. Answering paragraph 18, Defendant denies the allegations contained therein.

## FIRST CAUSE OF ACTION
Jones Act Negligence
Against Crowley Marine Services, Inc.

19. Answering paragraph 19, Defendant incorporates by reference and realleges its answers to paragraphs 1 through 18 above.

20. Answering paragraph 20, Defendant admits that Plaintiff was a seaman working on board the Barge 450-1, a vessel in navigation. Defendant denies the remaining allegations contained in paragraph 20.

21. Answering paragraph 21, the question of whether a duty was owed by Defendant raises questions of law which require no answer. Defendant denies the remaining allegations contained in paragraph 21.

22. Answering paragraph 22, Defendant denies the allegations contained therein, including all subparts of paragraph 22.

## SECOND CAUSE OF ACTION
Unseaworthiness of the Vessel
Against Defendants Crowley Marine Services, Inc. and Barge 450-1

23. Answering paragraph 23, Defendant incorporates by reference

and realleges its answers to paragraphs 1 through 22 above.

24. Answering paragraph 24, Defendant admits that it is the registered owner of the Barge 450-1. The question of whether a duty was owed by Defendant to Plaintiff raises issues of law which require no answer.

25. Answering paragraph 25, Defendant denies the allegations contained therein.

26. Answering paragraph 26, Defendant denies the allegations contained therein.

27. Answering paragraph 27, Defendant denies the allegations contained therein.

### THIRD CAUSE OF ACTION
Failure to Pay Voyage Continuance Wages
Against Defendant Crowley

28. Answering paragraph 28, Defendant incorporates by reference and realleges its answers to paragraphs 1 through 27 above.

29. Answering paragraph 29, Defendant denies the allegations contained therein.

30. Answering paragraph 30, Defendant denies the allegations contained therein.

31. Answering paragraph 31, Defendant denies the allegations contained therein.

32. With respect to any and all other allegations set forth in Plaintiff's First Amended Complaint not heretofore specifically admitted or denied, Defendant denies same.

AFFIRMATIVE DEFENSES

1. Plaintiff's Complaint fails to state a claim upon which relief may be granted.

2. This court lacks jurisdiction over the Barge 450-1.

3. Any injury or damages complained of by Plaintiff were caused or contributed to by his own fault, intentional actions or negligence.

4. Any injury or damages complained of by Plaintiff were caused or contributed to by the actions or negligence of others over whom Defendant had no duty or control.

5. Plaintiff has failed to mitigate his damages, if any.

6. Plaintiff's injuries, if any, were the result of a superceding cause for which Defendant is not liable.

7. Defendant's actions in terminating Plaintiff were taken in good faith, with honesty of purpose, and not maliciously. Defendant's actions were job-related and consistent with business necessity.

8. Plaintiff is barred from asserting claims or causes of actions contained in Plaintiff's complaint by virtue of the doctrines of unclean hands and *in pari delicto.*

9. Plaintiff's claims for failure to pay voyage continuance wages, and for wrongful discharge as alleged in plaintiff's third cause of action are preempted by §301 of the Labor Management Relations Act, 29 U.S.C. §185, and are time-barred by the six month statute of limitations under federal law

applicable to such claims.

WHEREFORE, having set forth its answer to Plaintiff's First Amended Complaint, Defendant Crowley Marine Services, Inc. prays the complaint against it be dismissed with prejudice, and that Plaintiff take nothing thereby, and that Defendant be awarded its costs, interest and attorney's fees, and for such other and further relief as this Court may deem just and proper.

DATED at Anchorage, Alaska this 14th day of December, 2006.

KEESAL, YOUNG & LOGAN
Attorneys for Crowley Marine Services, Inc.

S/DOUGLAS R. DAVIS
_____
1029 W. Third Avenue, Suite 650
Anchorage, AK  99501
(907) 279-9696
(907) 279-4239 facsimile
doug.davis@kyl.com
Alaska Bar No. 7605022

CERTIFICATE OF SERVICE:

I HEREBY CERTIFY THAT I CAUSED TO BE SERVED A TRUE AND CORRECT COPY OF THE FOREGOING THIS 14TH DAY OF DECEMBER, 2006 TO:

Via email

Michael J. Patterson
Heather L. Gardner
Law Office of Michael J. Patterson
810 W. 2nd Avenue
Anchorage, AK 99501

___S/DOUGLAS R. DAVIS_____