IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| GARY J. CROCHET,<br><br>               Plaintiff,<br><br>     vs.<br><br>CROWLEY MARINE SERVICES, INC.,<br><br>               Defendant. | Case No. 3:05-cv-288 TMB<br><br><br>**ORDER DENYING<br>PARTIAL SUMMARY JUDGMENT** |

**I.    Motions Presented**

Plaintiff Gary J. Crochet ("Crochet") brings this action to recover for personal injuries he allegedly sustained when he was employed as a seaman by Defendant Crowley Marine Services, Inc. ("Crowley). Presently before this court is a motion for partial summary judgment brought by Crowley with respect to Crochet's third cause of action, alleging a failure to pay voyage continuation wages. (Docket No. 13) Crowley argues that the claim is actually one for wrongful termination. As such it arises under § 301 of the Labor Management Relations Act (LMRA), 29 U.S.C. § 185, and is barred by the six-month statute of limitations applicable to such claims. Crochet opposes the motion, arguing that his right to voyage continuation wages arises under general maritime law and the LMRA is not implicated. Crochet also cross-moves for summary judgment. He reasons that Crowley's claims that Crochet was terminated for good cause are barred by the doctrine of res judicata. Since Crowley should be estopped from arguing that Crochet was terminated for good cause, Crochet claims that he is entitled as a matter of law to voyage continuation wages he would have received had he not been terminated. (Docket No. 17). For the following reasons, both Crowley's motion and Crochet's cross-motion are DENIED.

**II.    Background**

Crochet was employed as a mate aboard Barge 450-1, operated by Crowley, from 1994 through his termination in November 2004. In a work related injury, Crochet slipped and fell on October 27, 2004. On November 1, 2004, Crochet was evaluated at Valdez Regional Health Authority, Inc., where a doctor noted on an emergency department form that Crochet was "not fit for full duty" and made a notation that he should not lift his left arm. While Crochet returned to work, it is unclear from the record whether Crochet's injuries prevented him from performing any of his assigned duties.

On November 11, 2004, Crochet was suspended pending further investigation when it was alleged that he stole food from the barge. On November 22, 2004, Frosty Leonard, Director or Operations for Crowley, sent Crochet a letter informing him that the company had concluded

its investigation and determined that Crochet had taken food from the barge without authorization. The letter informed Crochet that he was not eligible for rehire.

Following Crochet's termination, a hearing was held on January 21, 2005 by the Alaska Department of Workforce Development Employment Security Division. Before the tribunal was the question whether Crochet was disqualified under Alaska statutes from receiving certain unemployment compensation because he was discharged for misconduct. The hearing officer concluded that "[t]he evidence does not support the conclusion that Mr. Crochet misappropriated company food. A disqualification is not in order." Therefore, Crochet was entitled to unemployment benefits. Crowley did not appeal the tribunal's decision.

Crowley has a collective bargaining agreement ("CBA") with the International Organization of Masters, Mates & Pilots, Pacific Maritime Region ("Union"). Crochet is a member of the Union. Under the CBA, the Union filed a grievance on Crochet's behalf, arguing that Crochet had been wrongfully terminated by Crowley. The grievance was heard by a Joint Conference Board pursuant to the terms of the CBA. On March 15, 2005, Captain Steven J. Demeroutis, Vice-President of the Union, sent a letter informing Crochet that, "[a]fter a careful review of all the evidence, the Union has determined that it cannot proceed to arbitration in this matter because it is unlikely to prevail at a hearing in view of all of the factors."

Crochet filed a complaint on December 8, 2005 and an amended complaint on January 5, 2006 alleging negligence and unseaworthiness of the vessel in connection with Crochet's personal injuries. He also alleged a failure to pay voyage continuation wages. Crowley filed a motion for partial judgment, alleging that Crochet's claim for failure to pay voyage continuation wages is actually an attempt to reopen his wrongful termination claim. Because the CBA contains a grievance procedure for wrongful termination claims, Crowley argues that the claim actually arises under § 301 of the LMRA, and is barred by the six-month statute of limitations applicable to such claims since the claim was filed more than six months after Crochet received notice from the Union that his grievance would not be pursued.

Crochet filed an opposition and cross-motion for partial summary judgment. In opposition, he argues that the LMRA does not impact his remedies as a Jones Act Seaman to voyage continuation wages, and therefore Crowley is not entitled to summary judgment under the LMRA. Further, he argues that the failure of Crowley to appeal the decision of the Alaska Department of Workforce Development Employment Security Division should have a res judicata effect, and Crowley should be prevented from making the claim that Crochet was terminated for cause. Crochet then suggests that he is entitled to partial summary judgment because application of res judicata in this case will prevent Crowley from defeating Crochet's claim for voyage continuation wages. After reviewing the briefs of the parties, considering their positions at oral argument, and reviewing the relevant case law, the Court DENIES both motions.

## III.    Standard of Review

Summary judgment is appropriate if, when viewing the evidence in the light most favorable to the nonmoving party, there are no genuine issues of material fact and the moving party is entitled to a judgment as a matter of law.[1]

---

[1]    FED R. CIV. P. 56©; *Lopez v. Smith,* 203 F.3d 1122, 1131 (9th Cir. 2000).

## IV.   Discussion

### A.   Crowley's Motion For Summary Judgment

Crochet alleges that Crowley wrongfully failed to pay him voyage continuation wages that he would have been entitled to had he not been wrongfully discharged. "Generally speaking, ⋯ whether the employment is for a voyage or for a definite time, it is the shipowner's obligation to pay a seaman who falls ill or is injured while in the service of the vessel, full wages throughout the period of employment."[2]  Voyage continuation wages, also known as unearned wages, "refers to the actual wages the seaman did not earn because of his injury or illness."[3]

In moving for summary judgment, Crowley argues that Crochet's voyage continuation wages claim is actually one for wrongful discharge, and as such should have been resolved under the CBA.  Therefore, Crowley argues, the claim arises under the LMRA and is barred by the statute of limitations.

The Ninth Circuit has addressed the general maritime right to unearned wages as it intersects with collective bargaining agreements, explaining that the general maritime right to unearned wages "is imposed by law and cannot be abrogated by contract, although the method for calculating the amount of maintenance, cure, and wages may be determined by the collective bargaining process."[4]  "Only if the collective bargaining agreement expressly provides for a different computation of maintenance, cure, and wages does it modify the general maritime law."[5]

Rule 19 of the CBA relates to maintenance and cure, but does not expressly provide for a different computation for unearned wages.  Under Rule 19.01:

> When a crew member is entitled to daily maintenance under the federal doctrine of maintenance and cure it shall begin at the end of the period of which "unearned wages" are payable and shall be at a rate of seventy dollars ($70.00) per day.  Twenty-five ($25.00) shall be deemed maintenance and forty-five ($45.00) shall be deemed wage substitution.

Since no alternative computation for unearned wages is provided in Rule 19, and at oral argument the parties could not direct the Court to any other provision of the CBA addressing the right to unearned wages, Crowley's general maritime right to unearned wages has not been modified by the CBA.  The Court is therefore unpersuaded by Crowley's argument that

---

[2]   *Berg v. Fourth Shipmor Assos.*, 82 F.3d 307, 309 (9th Cir. 1996)(citation and quotation marks omitted).

[3]   *Id.*

[4]   *Lipscomb v. Foss Maritime Co.*, 83 F.3d 1106, 1108 (9th Cir. 1996).

[5]   *Id.* at 1109 (*citing Gardiner v. Sea-Land Serv., Inc.*, 786 F.2d 943, 949 (9th Cir. 1986).

Crochet's claim for unearned wages is precluded under the LMRA.

Crowley also argues in reply that Crochet is not entitled to voyage continuation wages because his employment ended because he was discharged for stealing his employer's property, not because he was unfit for duty because of an alleged injury.  But after reviewing the record, the Court concludes that there are genuine issues of material fact as to whether Crochet's right to voyage continuation wages vested prior to his termination for cause.  When Crochet visited a doctor prior to his termination, the doctor noted that Crochet was not fit for full duty and made a notation that he should not lift his left arm.  It is unclear from the record whether Crochet's ability to work was impaired by his alleged injuries.  And the parties have not briefed the issue of when following an injury the right to voyage continuation wages begins.  The Court therefore concludes that it would be premature at this time to grant partial summary judgment to Crowley on Crochet's claim for voyage continuation wages.  Crowley's motion is DENIED.

### B. Crochet's Cross-Motion

Crochet argues that, because Crowley did not appeal the determination by the Alaska Department of Workforce Development Employment Security Division that Crowley had not presented sufficient evidence that Crochet misappropriated food, Crowley's claims that Crochet was terminated for good cause are barred by the doctrine of res judicata.  But as Crowley points out, under Alaska Statute 23.20.497(a):

> A finding of fact or law, judgment, conclusion, or final order made with respect to a claim for unemployment compensation under this chapter is not conclusive or binding in any separate or subsequent action or proceeding in another forum concerning proceedings not under this chapter, regardless of whether the prior action was between the same or related parties or involved the same facts.

Therefore, the Court rejects Crochet's argument that Crowley is prohibited from making the claim that Crochet was wrongfully terminated.  Crochet's cross-motion for summary judgment is also DENIED.

### V. Conclusion

For the foregoing reasons, Crowley's motion for partial summary judgment at Docket No. 13 is hereby **DENIED** and Crochet's cross-motion for partial summary judgment at Docket No. 17 is also **DENIED**.

Dated at Anchorage, Alaska, this 5th day of January, 2007.

/s/ Timothy Burgess  
Timothy M. Burgess  
United States District Judge